OPINION of the Court, by
Judge Owsley..
Outen, after having commenced an action on the case in the Fay-ette circuit court against Logan, by petition to one of the circuit judges obtained a removal of the cause to the Harrison circuit, where, without any defence having been made, he obtained a judgment for 860, and costs,
To he relieved from this judgment, and obtain a new trial in the action at law, Logan exhibited his bill inequity with an injunction ; and upon a hearing of the cause in the court below7, his injunction was dissolved and bill dismissed with costs ; and to reverse that decree, this writ of error, with supersedeas, has been prosecuted.
We are of opinion the ground upon which anew trial was sought, has not been sufficiently manifested to warrant the interposition of a court of equity ; for it is apparent the writ had been served upon Logan by the sheriff of Fayette before the order of the judge was oh-tained removing the cause to the Harrison circuit: and whatever doubts may exist as to the correctness of Ou-ten’s conduct in procuring that order, it w as incumbent upon Logan as a vigilant suitor to know whether or not the cause remained in the Fayette circuit; and his failure to do so furnishes such pregnant evidence of laches *400 on liis part, that a court of equity cannot, consistently with the principles upon which it acts, upon tlse allegation of Logan, that he did not know of the pendency of the suit in Hampón, afford relief.
Had the change of venue, as is alleged by Logan, heén fraudulently obtained by Outen, and had the judgment been obtained so soon thereafter as to furnish a reasonable presumption that Logan, acting as a vigilant man, niightnot have discovered the papers were removed from Fayette before the judgment was rendered against him, there might perhaps be some reason for a resort to a court of equity $ but such does not, however, appear to be the case. The papers were removed from Fay-ette, and the cause continued so long in Harrison, that Logan, unless guilty of inexcusable negligence, must have known of the removal before judgment,
It is true Logan further alleges that he did not know he had been sued by Outen in but one action, and as an apology for not discovering the papers were removed, charges the pendency of another suit in Woodford, which had been commenced against him in Fayette, and at the instance of Outen removed to Woodford.
These charges we do not, however, suppose can justify the interposition of a court of equity; for as the writ in the action determined in Harrison, appears to have been served upon Logan, we are compelled judicially to infer he knew the suit had been brought in Fayette.
The decree of the court below must, therefore, be affirmed with costs.