## REYNOLDS v. T. & W. DOTHARD, ET AL.

1. A Court of Chancery will not repudiate a bill to enjoin a judgment, because the record of the cause at law discovers an error, for which the judgment is reversi-ble, although the case is one, of which independent of this ground, the jurisdic-tion of equity is unquestioned.

2. One whose name has been forged as a surety, to a bond for an appeal, on which (by statute) a judgment has been rendered without notice, may go into equity and enjoin the execution, upon the ground that the use of his name was unau-thorized.

Appeal from the Court of Chancery, sitting at Talladega.

THE case made by the bill of the plaintiff in error, is sub-stantially as follows, viz : The defendants, T. & W. Dothard, about the first of August, 1840, recovered against their co-defendants, Weir and Adrian, four several judgments for fifty dollars each, before John E. Clark, then a justice of the peace of the county of Randolph; Weir and Adrian executed one appeal bond, in the sum of four hundred and seventy-five dollars, to which the former placed the plaintiff's name as a surety under a pretended authority. The plaintiff denies that

Reynolds v. T. & W. Dothard, et al.

he ever authorized Weir, or any one else to execute the bond, and declares, that he never heard of the same until after the first day of January, 1841; about which time he was informed by the sheriff of Randolph, that he had an execution in his hands against him, for about the sum of two hundred and fifty dollars. The plaintiff then inquired, and was informed, that the four appeal cases had been consolidated, and a judgment for the aggregate sum in controversy, rendered against Weir and Adrian, and himself as their surety, upon the supposition, that the bond to which his name was subscribed was genuine, for the sum of two hundred and thirteen or fourteen dollars, besides costs.

The appeals were taken to the County Court, and the judgment there rendered at the term holden in November, 1840. It is further alledged, that the defendant, Weir, has removed from the United States, leaving no property in this State within the knowledge of the plaintiff; and that the Messrs. Dothard have instructed the sheriff to collect but one half the execution of Adrian, and the remainder of the plaintiff. The bill charges the plaintiff in execution with seeking to oppress the complainant, &c. prays process of subpœna and injunction, which has been awarded accordingly.

The bill was answered by T. & W. Dothard, and Adrian, the latter of whom subjoined a demurrer to his answer for want of equity. Afterwards, a motion was submitted, to dismiss the bill, because it did not disclose a case for equitable relief; whereupon the Chancellor was of opinion, that as to the judgment against the complainant, he had an adequate remedy at law by writ of error, and if an action was brought on the bond he could defend himself under the plea of *non est factum*, and have the assistance of Chancery to obtain a discovery, if necessary. The Chancellor remarked further, that if the cancellation of the bond had been the object of the suit, so as to prevent an action thereon in future, perhaps the bill could be entertained. But as such was not the aspect with which it was framed, the bill was dismissed with costs.

W. W. MORRIS, for the appellant, made the following points: 1. The Chancellor had no right to inquire what remedy the complainant had on writ of error—it is clear, that the judg-

84

ment against him is definitive, and the County Court could not vacate it, or give redress by *supersedeas*. 2. The complainant was not bound to know that there was error in the record for which the judgment was reversible; he stated the case for which he said Chancery could give relief, and insisted that the bill was even good in the aspect in which the Chancellor supposed it defective.

W. B. MARTIN and S. F.. RICE, insisted, that the record of the cause at law was made a part of this suit, and the Chancellor might properly refer to it, to ascertain whether the judgment as it respected the complainant was erroneous. If the first ground stated in the decree is maintainable, the second seems to be clear, considering the frame of the bill.

They also contended, that if the bond was a forgery, it would be competent for the County Court to grant a *supersedeas* and quash the execution. If Adrian was able to satisfy the judgment, the complainant was in no danger of irreparable loss; but upon disclaiming it, he might reimburse himself by obtaining a judgment against Adrian.

They cited Quinn, et al. v. Adair, 4 Ala. Rep. 315; Lockhart, et al. v. McElroy, Id. 572; Chandler v. Faulkner, 5 Id. 567; French v. Garner, et al. 7 Porter's Rep. 549.

COLLIER, C. J.—A Court of equity will not grant relief on the ground merely, that the Court of law adjudged a legal defence there set up to be insufficient; if the decision was erroneous the party's remedy is by writ of error. [Moore v. Dial, 3 Stewart's Rep. 155 ] Nor will it enjoin a judgment, on the ground, that it would have been revisable if the proper steps had been taken in the Court of law, but by mistake a confession of judgment had been entered. [Farmers' Bank v. Vanmeter, 4 Rand. Rep. 553.] So if a party acquiesces in an erroneous judgment, till it is barred by the statute of limitations, a Court of Equity will not open the judgment, although he was under a mistake as to the law. [Jones v. Watkins, 1 Stew. Rep. 92, et post.]

It is a cardinal rule in respect to proceedings in Chancery, that equity has no jurisdiction to relieve against a judgment, if the defence could have been made at law, and the legal

remedy was unembarrassed. [Moore v. Dial, *supra*.] But we are not aware of any case in which the rule has been carried so far as to repudiate a bill, because the record of the case at law discovered an error, for which the judgment was reversible, although the case stated was one, of which, independent of this ground, the jurisdiction of equity was indisputable. To concede such a power to Chancery would make it a tribunal, not only of original, but revisory jurisdiction. It is certainly the province of that Court, to inquire in every case, whether the complainant had a clear legal remedy, and if he had, whether he is in fault for not availing himself of it. That Court gives relief not only where the defence is purely equitable, but in some cases it recognizes and supports a defence which would have been good at law, if there interposed. Thus, where a judgment is rendered against a party without notice, or as the surety in a bond for an appeal, &c. which he never executed. In Brooks, et al. v. Harrison, 2 Ala. Rep. 209, we held, that although a bond executed for the delivery of property levied on by execution, when returned "forfeited," has the force and effect of a judgment, and execution may issue thereon against the obligors, yet it is competent for one, whose name has been forged as a surety to such bond, to go into equity, and enjoin the execution upon an allegation, that the use of his name was unauthorized. The case of Gibbs & Labuzan v. Frost & Dickinson, 4 Ala. Rep. 720, maintains the jurisdiction of Chancery, in order to relieve the surety in a bond on which a judgment is rendered, or which operates as such *proprio vigore* if the principal is unsuccessful, or fails to perform the condition. The Court there say, if the surety loses any right secured to him by the common law, the statute which declares the bond shall have the force and effect of a judgment, would be unconstitutional.

It might, perhaps be added, if necessary, that the jurisdiction would be defensible upon the ground, that, that Court can afford the speediest redress by settling the rights of the parties in a single suit; whereas, if the course of proceeding indicated by the Chancellor as proper, were adopted, the complainant must first obtain a reversal of the judgment against him, and then defend an action on the bond by showing it to be forgery, as to himself.

We have not thought it necessary to inquire, whether the bond is in such form as authorizes the statute judgment against the appellant. Be this as it may, the bill was improperly dismissed; the decree is therefore reversed, and the cause remanded.