## STEIN *vs.* BURDEN.

[BILL IN EQUITY TO IMPEACH DECREE OF PROBATE COURT.]

1. *Construction of agreement respecting pending suit.*—An agreement between a probate judge and the parties to a suit pending in his court, entered into after the cause had been submitted to the judge for decision, to the effect that the decision should be suspended, until the opinion of the supreme court, in another case there pending between the same parties, "could be had," does not bind the judge to give notice to the parties of the time when he will render his decree, nor to postpone the rendition of his decree until he has read the opinion of the supreme court in the other case.

2. *Equitable relief against judgment at law.*—Equity will not grant relief against a decree of the probate court, because it was rendered without notice to the parties, when it appears that the rendition of the decree was suspended, by consent, until the opinion of the supreme court in another cause between the same parties "could be had," and that said decree was not rendered until after said opinion had been obtained.

APPEAL from the Chancery Court at Mobile.
Heard before the Hon. WADE KEYES.

THIS bill was filed by John Burden against Albert Stein, to impeach and set aside a decree of the probate court in a cause therein pending between the same parties, which was affirmed on appeal by the supreme court at its June term, 1854.—See the case reported in 25 Ala. 455. The material facts of the case, as to the grounds on which equitable relief is sought against said decree, are stated in the briefs of counsel, and in the opinion of the court. On final hearing, on bill, answer, and proof, the chancellor rendered a decree in favor of the complainant, which is now assigned as error.

R. H. SMITH, and F. S. BLOUNT, for appellant.—The bill is without equity, and should have been dismissed. It does not show that the complainant was injured by the action of the probate judge; nor that his riparian rights were worth anything; nor that there was any error, of either law or fact, in the decision of which he complains; nor that he reserved any exception to that decision; nor that there was any ground for an exception; nor that he was entitled to notice of the rendition of the decree. But, on the contrary, the bill shows, on its face, that the complainant was not entitled to notice of the rendition of the decree; that there could have been no exception to the decision, inasmuch as the law and facts of the case were both submitted to the probate judge; and that complainant was guilty of such neglect, or, at least, want of vigilance, that he is not entitled to equitable relief. Secor v. Woodward, 8 Ala. 500; 9 Ala. 120; 2 Ala. 21; 16 Ala. 423; 1 Ala. 351; 18 Ala. 566; 20 Ala. 578; 6 Ala. 718; 8 Ala. 767; 14 Ala. 342; 3 Ala. 521; 6 Porter, 24; 10 Ala. 596, 579; 8 Ala. 438; 2 S. & P. 58; 13 Ala. 540; 9 Porter, 24; 7 Porter, 549; 5 Porter, 547; 2 Porter, 177; 15 Ala. 502; 7 Ala. 666; 3 Stew. 280; 2 Stew. 378; 16 Ala. 548; 6 Hammond, 82; 2 Story's Equity, § 887.

K. B. SEWALL, contra.—The bill seeks relief against a decree of the probate court, which was obtained under such circumstances as constitute it fraudulent and void

against the complainant. It alleges, that it was agreed between the probate judge and the counsel of the respective parties, after the argument was closed, "that the decision of the case should be suspended, until the opinion of the supreme court, in a cause then pending before it between said Stein and Burden, could be had;" that said judge afterwards rendered his decision in said cause, at a time when he had not seen, read, or heard read the opinion of the supreme court in the cause referred to, and did not know what points were decided by it; that the judge was inconsiderately induced to make said decision at the instance of Stein's attorney, and upon the mere verbal statement of said attorney that the supreme court had decided the other case in Stein's favor; that said decree was rendered without notice to either complainant or his counsel, and without their knowledge, and was not rendered at any regular term of the court; and that, by the rendition of the decree under these circumstances, complainant was deprived of the opportunity of tendering a bill of exceptions to said decision, and was thereby divested of his property contrary to the law and evidence.

1. The decision of the probate judge deprived the complainant of his right to a bill of exceptions,—a right which "every suitor has to have his case decided by the appellate court, on all the objections which can arise in the course of it,"—a right secured by statute since 13th Edw. I, c. 31, and the refusal of which is "a denial of justice."—3 Bla. Com. 372; 4 Bing. N. C. 89; Etheridge v. Hall, 7 Porter, 52; Clay's Digest, 307, § 5; Session Acts 1849–50, p. 33, § 30; Code, §§ 2353–58. Since exceptions to the decision of the probate judge could only be taken at the time that decision was rendered, the complainant was entitled to notice of the time of its rendition, even if the agreement did not secure it to him. It was a right independent of agreement,—an incident of the right to a bill of exceptions.

2. The decision amounted, under the circumstances, to a breach of the trust and confidence reposed in the judge, which, whether intentional or inadvertent, operated to the complainant's great injury, without fault on his part.

3. The complainant has no redress at law. The judge of probate lost all power over the cause, at the expiration of the term at which the decree was rendered; and could then neither amend, set it aside, nor grant a bill of exceptions. Slatter v. Glover, 14 Ala. 650; Crothers v. Ross, 15 Ala. 800; Wood v. Brown, 8 Ala. 563; Code, § 2358. As no bill of exceptions had been either tendered or refused, *mandamus* would not lie.—7 Porter, 47.

4. Chancery has jurisdiction of the case, either under the act of 1850, (Session Acts 1849–50, p. 33,) "to correct any error of law or fact, not appearing of record," where the same occurred without any neglect on the part of the complainant; or by virtue of its general powers, "to impeach a judgment or decree on the ground of fraud." 2 P. Wms. 73; 1 Vesey, sr., 119, 583; 1. Johns Ch. 406; 1 Sandf. Ch. 120; 12 Penn. 328; 2 Vesey, sr., 156; Kennedy v. Kennedy, 2 Ala. 571; Pickett v. Morris, 2 Wash. 255, 276; 1 Story's Equity, §§ 187, 188, 328, 329, 333.

RICE, C. J.—By section 1915 of the Code, the court of chancery is authorized to correct any error of law or fact which has occurred "in the settlement of the estate of a decedent," to the injury of a party, "without any fault or neglect on his part," if a bill for that purpose is filed within two years after the final settlement of the estate. But the court of chancery is not authorized, either by statute or common law, to revise the decree of the probate judge of Mobile county, rendered since the Code went into effect, in a proceeding commenced by a writ of *ad quod damnum* issued under the act of December 25th, 1841, (Pamphlet Acts of 1841, p. 5,) upon any ground, which either was tried, or might have been tried, by the probate judge in that proceeding. A court of chancery cannot sit as a court of errors, upon such a decree, nor grant relief for mere errors in it, however numerous or glaring they may be. Nor does that court sit to encourage negligence or inattention in the prosecution or defense of suits in other courts, or to relieve parties from the consequences of such negligence.

The main ground relied on for relief in this case, is, that

after the evidence had been heard, and the argument closed before the probate judge, it was agreed between the parties and that judge, "that the decision of the case should be suspended, until the opinion of the supreme court of the State *could be had* in a case then pending before it, which had gone up from the circuit court of Mobile, wherein said Albert Stein was plaintiff in error, and your orator defendant in error;" and that some two months or more after said agreement was made, and some time after the opinion of the supreme court had been obtained in the case referred to in the agreement, and the probate judge had heard of it, he entered his decree on his minutes, without giving notice thereof to complainant, and thereby deprived the complainant of the opportunity of getting a bill of exceptions, and the benefit of a revision of his decree in the appropriate mode.

The bill evidently proceeds on the idea, that under the agreement, the complainant was *entitled to notice* of the time when the probate judge would render his decree; and that the probate judge was bound, in good faith, by the agreement, not to render his decree until *he had read* the opinion of the supreme court in the case therein referred to, or *heard it read.* And proceeding on this idea, the bill treats the rendition of the decree without notice to complainant, and before the judge had read the opinion of the supreme court or heard it read, as a constructive fraud upon the complainant, whereby he was injured by being deprived of taking a bill of exceptions. The construction put by the complainant upon the agreement, is unauthorized by its terms and the circumstances under which it was made. Under the agreement, he was not entitled to notice of the time when the judge would render his decree, provided the judge did not render his decree until after the opinion of the supreme court had been announced, and he had heard of the result. The agreement did not relieve the complainant from the vigilance required by law of him as a suitor, except for the interval occurring between the time when the agreement was made and the time when the opinion of supreme court in the case therein referred to was announced.

There is no stipulation in the agreement that notice should be given to the complainant. In his bill he does not allege or pretend that he was ignorant of the time when the opinion of the supreme court was announced, or that he used any reasonable diligence to ascertain when the judge of probate would make his decision. The law presumes that he had notice of the time when the opinion of the supreme court was announced in his own case, and exacted of him the exercise of reasonable vigilance to ascertain when the probate judge would decide the case in which the agreement was made. No such diligence or vigilance is alleged or proved; but, on the contrary, the complainant seems anxious to convince the chancery court of his profound indifference and inattention to what the probate judge might decide, or to the time when he might make his decision; for he expressly avers, that neither he nor his attorney knew of the fact that the decree of the probate judge had been rendered, *"for more than a month after the same was entered on the minutes of said probate court."*

Upon a just construction of the complainant's bill, we deem it impossible to say that he has been deprived of his bill of exceptions, or right of revision, "without negligence or fault on his part." On the contrary, we think his alleged grievances are the results, mainly, if not entirely, of his own fault and negligence. If he had used proper diligence, there would have been no necessity for a resort to a court of chancery. His neglect cannot create for him a title to relief. He must bear the consequences of his neglect. Cullum v. Casey, 1 Ala. 351; Pharr v. Reynolds, 3 Ala. 521; Taliaferro v. Branch Bank at Montgomery, 23 Ala. 755; Logan v. Outen, 4 Bibb, 399; Yancey v. Downer, 5 Litt. 8; Risher v. Roush, 2 Missouri, 95; Pettes v. Bank of Whitehall, 17 Vermont, 435; Barrow v. Jones, 1 J. J. Marsh. 470.

The decree of the chancellor is erroneous. It is reversed, and a decree must be here rendered, dismissing the bill, and dissolving the injunction; and the appellee must pay the costs of the appeal, and of the court below.