## RUSSEY vs. WALKER.

[CREDITORS' BILL FOR DISCOVERY OF EQUITABLE ASSETS.]

1. *Construction and effect of answer.*—A literal denial in the answer, though evasive, and insufficient on exceptions, cannot be taken as an admission of the allegation of the bill.

APPEAL from the Chancery Court at Talladega.
Heard before the Hon. JOHN FOSTER.

THIS bill was filed by the appellants, as judgment creditors of Peter J. Walker, seeking a discovery of moneys and effects in the hands of James M. Walker, who was a son of said Peter J. Walker; which moneys and effects were alleged to belong to said Peter J. Walker, and to have been fraudulently transferred by him to said Jas. M. Walker, and which the complainants sought to subject to the satisfaction of their judgment. On final hearing, on pleadings and proof, the chancellor delivered the following opinion:

FOSTER, CH.—"I have had much difficulty in coming to a conclusion what decree to render in this case, and have now some doubt as to the correctness of the decree I am about to pronounce. The difficulty arises from the case made by the bill and the answer of Jas. M. Walker. The answer is, in many points, clearly evasive. The bill alleges, that a large part of the judgment recovered in the name of James M. Walker against Bradford & Donley is equitably the property of Peter J. Walker, founded on moneys and effects which he had fraudulently placed in the hands of James M. Walker. The answer of James M. Walker is a general and literal denial of this allegation. This, according to the rule of equity pleading, is insufficient. The defendant must answer all the material allegations of the bill, directly, without evasion, and not by way of negative pregnant. He must not confine himself to a literal denial, but must confess or traverse the substance of each charge, positively, and with certainty.—2 Dan. Ch. Pl. and Pr. 835–36; 1 Johns. Ch. 103.

"In what way must the complainant avail himself of this defect—an insufficient or evasive answer? In some of the cases it is held, that an answer, clearly evasive, may, on motion of the complainant, be ordered to be taken off the files. Our supreme court, however, in May & Tindal v. Williams, 17 Ala. 24, held, that if there is one material fact answered, the court will not order the answer to be stricken from the files, but will leave the plaintiff to except to it for insufficiency. In most of the cases which I have examined, where answers have been adjudged evasive, the question was raised by exceptions filed by the complainant. In Thompson v. Mills, 4 Iredell's Eq. 390, however, the question arose on the defendant's motion to dissolve an injunction. The court there said, that when the defendant calls on the court to act on his answer, he must not confine himself, in general terms, to a literal denial of the equity of the bill, but must set forth a full and fair discovery of all the matters within his knowledge. But, when the defendant does not call on the court to act on his answer, or to dissolve an injunction; and the complainant does not except to it for insufficiency, but goes

to trial; it cannot be held, that such evasive answer is an admission of the truth of the allegation of the bill. Its effect is, to put the complainant to proof; but the same amount of proof is not required.—Savage v. Benham, 17 Ala. 132; Lyon v. Hunt, 11 Ala. 295.

"But the bill alleges, 'that James M. Walker has other moneys and effects of Peter J. Walker in the State of Georgia, which the said Peter J. has fraudulently placed beyond the control of the court,' &c. The allegation is, that the defendant then—*i. e.*, at the filing of the bill—has moneys, &c.; to which the defendant answers, 'nor has he'—*i. e.*, at the filing of the answer—'moneys and effects of the said Peter J. Walker in the State of Georgia.' This answer is clearly insufficient. When the complainant charges that the defendant 'has' property, it is not sufficient for the latter to deny, in general terms, that he has any : he must answer whether he had any at the time the bill was filed.—Trotter v. Bunce, 1 Edw. 573. The answer is evasive, also, because it confines the denial to having funds in the State of Georgia; when, being sworn to in Talladega, the defendant might, at that very time, have had thousands of dollars in his pocket belonging to Peter J. Walker, and still the answer would be true, though it would be a palpable evasion of the gist of the allegation of the bill. But, as the answer has not been excepted to, I can only regard it as an admission that the defendant had moneys and effects of Peter J. Walker in the State of Georgia at the time of the filing of the bill.

"Will this admission authorize the rendition of a decree against James M. Walker? For what amount should the decree be rendered ? The allegation of the bill, thus admitted, is indefinite : no specific amount is mentioned. It is insisted, however, that by analogy to the practice in the courts at law, on garnishments, a decree should be rendered for the amount of the complainants' judgment. But, at law, a party answering a garnishment is only bound from the time the garnishment is served upon him. In this case, no subpœna was ever served on James M. Walker. From the papers before

me, there is nothing to show that publication as to him was ever ordered. At least, service by publication had not been perfected when he filed his answer; the bill having been filed on the 7th March, and his answer on the 28th March. If, then, I were to follow the rule at law, I do not think I could render a decree against James M. Walker on this answer. Besides, the judgment at law would be a judgment *nisi;* a *scire facias* would then be issued, and, on his again failing to answer, judgment final would be rendered. I know of no practice which would authorize a court of equity to render a decree *nisi.* The proper mode of proceeding in chancery, against a garnishee who answers evasively, is, I think, by attachment, if he refuses or neglects to put in a further answer when exceptions to the first have been sustained."

The decree of the chancellor, dismissing the bill, is now assigned as error.

MORGAN & MARTIN, for the appellants.

WHITE & PARSONS, *contra.*

STONE, J.—The case of Savage v. Benham, 17 Ala. 119, asserts a principle which fully sustains the decree pronounced by the chancellor in this cause.

It may be contended, that the authority of Savage v. Benham was materially shaken, if not overturned, by the case of Grady v. Robinson, 28 Ala. 289. Such was not its intention. In that case, the *facts* with which the defendant "accompanied and linked his seeming denial, and upon which he evidently based it, not only deprived it of all force as a real denial; but amounted virtually to an admission" of the material averment. In this case, there is a general denial; insufficient, it is true, if it had been excepted to; but not "accompanied" by, or "linked" with any qualifying facts or statements, upon which the denial is based. The two cases are reconcilable.

With this explanatory statement we adopt the opinion of the chancellor, except in the character of the decree dismissing the complainant's bill.

The decree of the chancellor is reversed, and a decree

here rendered, dismissing the complainants' bill, without prejudice to their right to file another bill, should they elect to do so. Let the appellants pay the costs of this appeal.

WALKER, J., not sitting.