## GRIFFIN *vs.* THE STATE.

[INDICTMENT FOR STATUTORY OFFENSE OF REGRATING.]

1. *Construction of act of Dec.* 8, 1863, *"to repeal in part the act to regulate the sale and exportation of corn."*—The act approved December 8, 1863, entitled "An act to repeal in part the act to regulate the sale and exportation of corn," (Session Acts, 1863, p. 101,) which declares that, from and after its passage, "corn, and all other articles of provisions, may be transported to the city of Mobile, by railroad or otherwise, and sold, free from all restrictions whatever," repeals, within the area of its operation, not only the act specified in its title, which was approved December 8, 1862, but also the 5th section of the act approved December 9, 1862, entitled "An act to prevent extortion."

2. *Conviction under repealed penal statute.*—A conviction cannot be had under a penal statute which has been repealed, although the indictment was found before the passage of the repealing statute, unless that statute expressly excepts from its operation offenses committed prior to its passage.

FROM the City Court of Mobile.
Tried before the Hon. H. CHAMBERLAIN.

THE indictment in this case, which was found at the October term of said city court, 1863, was in these words : "The grand jury of said county charge, that before the finding of this indictment, and during the existing war between the Confederate States and the United States, Archibald M. Griffin purchased and sold, or purchased for the purpose of hoarding and selling, in the same neighborhood

where purchased, to-wit, in the city of Mobile, twenty hogsheads of sugar, being an article used or consumed, or suitable to be used and consumed, as food; and which he, the said Archibald M. Griffin, purchased from a person other than the person importing said sugar into the State, holding the same on sale in said market; against the peace," &c. The defendant demurred to the indictment, but his demurrer was overruled; and he then pleaded not guilty. The trial was had at the July term, 1864, when, as the bill of exceptions states, the following proceedings were had:

"It appeared in evidence, that the defendant was a resident citizen of Mobile county. The evidence adduced by the State tended to show, that in the month of ——, 1863, after the passage of the act to prevent extortion, and during the existing war, the defendant purchased from a commission-merchant in Mobile twenty hogsheads of Louisiana sugar; that the sugar was in the store-house of said commission-merchant in Mobile, and belonged to a citizen of Mobile, for whose account it was sold by said commission-merchant; that the owner of said sugar, on whose account it was sold, had not himself imported the sugar into this State, but had purchased it from the importer; and that the defendant knew who the said owner was. It appeared, also, that five of said twenty hogsheads of sugar were afterwards resold by the commission-merchant, in the month of ——, 1863, by order of the defendant, and for his account, at Mobile, the sugar not having been removed from the store of the commission-merchant. The defendant adduced evidence tending to prove, that he purchased said twenty hogsheads of sugar with the object and intention of shipping it to Richmond, Virginia, for sale, and with the proceeds to purchase bacon and flour, between Richmond and Alabama, to be brought to Mobile; that he was prevented from shipping the sugar as intended, by the Confederate States seizing all the sugar in Mobile, and said twenty hogsheads among the rest, soon after his said purchase; that said twenty hogsheads were left by the government with said commission-merchant on storage; that the government determined, after some months had elapsed, to insist on the seizure, and pay the owners for the sugar;

that the government officers rejected five of said twenty hogsheads, on the ground that they were in bad order and not fit for shipment, released them from seizure, and paid the commission-merchant for the other fifteen hogsheads; that the defendant, when informed of these facts by the commission-merchant, instructed him to let the five hogsheads go, at the price paid by the government for the others, if any one would give it; and that the commission-merchant accordingly sold it, on his account, at that price, in the city of Mobile. The sugar was not removed from the store during all this time, and the shipment to Richmond was abandoned by reason of said seizure.

"Upon this evidence, the court charged the jury, that if they believed the defendant purchased the sugar at the time mentioned in the evidence, from a person holding it on sale in the market at Mobile, who had not imported it into the State, and resold it, at the time mentioned in the evidence, at the same place where it was purchased,—that such acts would be a violation of the 5th section of the 'act to prevent extortion,' approved December 9th, 1862, and make the defendant guilty of the offense charged in the indictment."

The defendant excepted to this charge, and requested the court to instruct the jury, among other things, "that the effect of the act approved December 8, 1863, entitled 'An act to repeal in part an act to regulate the sale and exportation of corn', approved 8th December, 1862, is to bar the prosecution of this indictment, as it operates a repeal of the restriction on which the indictment rests; and that, therefore, the defendant cannot be now convicted under this indictment." The court refused this charge, and the defendant excepted to its refusal. After conviction, the defendant moved in arrest of judgment, "because the law has been repealed under which the indictment was found;" but the court overruled the motion.

GEO. N. STEWART, for the defendant.
M. A. BALDWIN, Attorney-General, *contra*.

STONE, J.—The indictment in this case charges, and the proof shows, that the act of buying and selling, for

which the defendant was put on trial, was done in the city of Mobile. The trial and conviction took place in July, 1864, after December 8th, 1863, when the repealing act, hereinafter considered, became a law. As the act of December 8th, 1863, contains no clause, which saves from its operation indictments then pending, it becomes a question, whether the latter act works a repeal, within the limits of the city of Mobile, of the act under which the indictment was preferred.

The indictment was framed under the 5th section of the act "to prevent extortion," approved December 9th, 1862, which declares "that, during the present war between the Confederate States and the United States, it shall not be lawful for any person to purchase and sell, or purchase for the purpose of selling or hoarding, in the same market or neighborhood where purchased, any article or thing whatever, used, or consumed, or suitable to be used or consumed, as food," &c.—Pamph. Acts, 1862, 19–20. At the same session, an act was passed "to regulate the sale and exportation of corn," approved December 8th, 1862, which placed restrictions upon the sale of corn; and among other things, provided, that no persons, other than producers and millers, should sell corn, without first procuring a license therefor. This act contains many other restrictions upon the sale of corn, but embraces no article of provisions other than corn.—Pamph. Acts, 1862, 44.

The act approved December 8th, 1863, "to repeal in part the act to regulate the sale and exportation of corn," declares "that, from and after the passage of this act, corn, and all other articles of provisions, may be transported to the city of Mobile, by railroad or otherwise, and sold, free from all restrictions whatever."—Pamph. Acts, 1863, p. 101.

It is manifest that the section of the act above copied, is more comprehensive than its caption. While the latter (the caption) only gives notice that it is an act "to repeal in part the act to regulate the sale and exportation of *corn*," the section copied makes provision, not only for the sale of *corn*, but for the *transportation·* as well as the sale of corn, and *all other articles of provisions*. The act, then, cannot be limited in its operation to the *sale and exportation of*

*corn.* It evidently allows the *transportation, to* the city of Mobile, of other articles of provisions, as well as corn; and allows the sale there, not only of "corn," but of "all other articles of provisions," and this, "free from all restrictions whatever." The intention, then, was to remove, as to the articles named, not only the restrictions imposed by the act mentioned in the caption, but all restrictions whatever. These are comprehensive words, and, within the area of their operation, they repeal all restrictions imposed by any and all previous legislation. The act "to prevent extortion" had imposed restrictions on the sale of many articles of provisions; and so far as they were covered by the repealing statute, they were thenceforth removed.

A construction which would limit the right to sell in Mobile corn and other articles of provisions, to first sales, made by those on whose account they were transported, would be too strict and narrow. To justify such construction, we must interpolate or imply, between the words *may be transported to the city of Mobile,* and the word *sold,* the words, *and, being so transported, may be once.* We know no rule of construction which would justify this. The true intention of the legislature was, to grant the unrestricted right, both to transport, and to sell. A correct reading of the clause, supplying the ellipsis, would be, "corn, and all other articles of provisions, may be transported to the city of Mobile, by railroad or otherwise, and [may be] sold free from all restrictions whatever." In other words, all restrictions on the transportation to, and sale in Mobile, of corn and other articles of provisions, were removed.

We hold, therefore, that the provisions of the act under which the defendant was convicted, so far as they operated within the limits of the city of Mobile, were repealed before the defendant was tried, and that he was improperly convicted.

The judgment of the city court is reversed, and the cause remanded.