# Boswell *et al. v.* Townsend *et al.*

*Bill in Equity to Correct Error in Administrator's Final Settlement.*

1.   *To maintain bill under section 2274, Revised Code, complainant should be without fault.*—It is indispensable to the maintenance of a bill under section 2274 of the Revised Code, to correct errors in the final settlement of an administration in the Probate Court, that the complainant should acquit

[Boswell et al. v. Townsend et al.]

himself of all fault or neglect; (reaffirming the doctrine laid down in *Utis v. Dargan*, manuscript).

2. *Same; when not without fault.*—Where a party complaining of error in a final settlement in the Probate Court, shows that he was present at it, in person and by attorney, and that he produced evidence, upon which he based his right to a decree in his favor, the omission, without any good legal reason, to except to the rulings of the Probate Court and to set forth the evidence and his exception in a bill of exceptions, that the proceedings might be reviewed on appeal, is a want of due diligence, and the error, if there be any, is not without fault on his part.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. ADAM C. FELDER.

On final hearing, on pleadings and proof, the chancellor decreed the relief asked in the bill, and directed a new account and settlement of the administration, and that the alleged errors be corrected.

A clear idea of the case may be obtained from the briefs, together with the opinion.

WORTHY and GARDNER, and BENJAMIN GARDNER, WALKER and MURPHY, for appellants.—1. The record in this case discloses, that the appellees, Samuel J. Townsend *et al.*, filed a bill to correct alleged errors in an administrator's final settlement in the Probate Court. The bill is filed under section 2274 of the Revised Code, and the jurisdiction created by that section is in the nature of an appeal and must be subject to analogies drawn from the practice in appeal cases. The record discloses that on the settlement adjudications were made for and against the administrator, and on the trial he waived some part of his claim upon a withdrawal of objections by the complainants. After the decrees were rendered in the Probate Court the administrator paid them off in full, and took receipts, of which the following are specimens:

"Received of F. A. Boswell, administrator of the estate of Eli Townsend, deceased, $1,716, being the full amount due the estate of James M. Townsend, deceased, on final settlement of said estate of Eli Townsend, deceased, and in full satisfaction of the decree rendered on the same."

Another specimen of said receipts is as follows: "Received of F. A. Boswell, administrator of the estate of Eli Townsend, deceased, $2,918, being the full amount of my distributive share of said estate."

The foregoing facts fully appear in the testimony of John D. Gardner, and other evidence. It further appears, that the payment of the decrees and the execution of the receipts, were acts done by the respective parties with the express

understanding that the payment and receipts were to consti-
tute a finality of all contestation, and notes were surrendered
by Boswell.

The bill in this case, therefore, has for its object the
reversal of a decree on final settlement after full payment to
the parties who seek the reversal, which payments were
made with the understanding that the payment was a final
settlement. It is insisted that the jurisdiction of the
Chancery Court in this case could only be maintained after
a restitution by the complainants of payments made to them.
The decision of *Prewitt v. Garner*, 32 Ala. 13, seems decisive
of the question. The decision in *Hoard v. Hoard*, 41 Ala.
590, recognizes the former decision. The case of *Hoard v.
Hoard* differs from this in every essential feature. An
important distinction is this, that in this case the payment
by the administrator was not *voluntary*, but made upon an
understanding that it should constitute a final settlement,
and after important concessions of the administrator. A
further and conclusive distinction is, that here the question
of advancements is involved and parties may be injuriously
effected who had nothing to do with the receiving of the
payments, if the complainants are allowed to reverse the bill
without placing the parties in *statu quo*.

2. The extraordinary jurisdiction to correct errors of law
and fact in the settlement of an estate created by section
2274 of the Revised Code, can only attach when the fol-
lowing conditions exist: *First*, error of law or fact must
have occurred; *second*, the error must have been to the
injury of the party complaining; *third*, the error must have
occurred without the fault or neglect of the party com-
plaining. The allegation of these facts are indispensable to
the equity of a bill filed under that section.

3. The averment of the absence of fault or neglect is
insufficient. The decree of diligence required of a party
litigant is defined by law. The judgment of the pleader
can not be substituted for the pronouncement of the law on
the subject. The facts should be set forth.

We have a statute authorizing the grant of rehearings.
Revised Code, § 2814. That statute requires that the
judgment should have been rendered without fault. In
reference to that it has been held as follows by this court:
"The remedy provided by the Code is purely statutory. To
claim the benefits of its remedial provisions the applicant
must set forth in his petition *facts which show that without*
*fault on his part, &c.—Stewart v. Williams*, 33 Ala. 492.

Besides, the uniform practice in filing petitions under that law, has been to set forth the facts which negative fault on the petitioner's part.—*Elliott v. Cook*, 33 Ala. 490; *Arlington v. Turner*, 38 Ala. 655; *White v. Ryan & Martin*, 31 Ala. 400.

STONE & CLOPTON, *contra.*—1. Let us analyze section 2274, Revised Code, and see if its language does not force us to adopt only one construction. It confers the right to resort to chancery within two years after final settlement, *when any error of law or fact has occurred in the settlement to the injury of any party.* Not a word said about appeal; not a word about fraud. Not any error in the settlement, either of law or fact. Not any error which the party can not redress on appeal. Not any error which is brought about by fraud. The language has no such limitation. There is, however, a limitation in the section. What is it? The redress extends only to such errors of law or fact, as occurred without fault or neglect on the part of the party seeking the redress. That is, as we understand this, that the fault or neglect of the party complaining, must not have caused or contributed to the error. If the error occurred through his fault, then he can have no redress under this section—*volenti non fit injuria.* If through his neglect, he is without redress. *Vigilantibus, non domientibus, subservient leges.* If the error occurred through the fault or neglect of the complainants below, the Townsends, then they can have no redress in this proceeding. If it does not appear that their fault or neglect caused the error, then this statute affords them a remedy; and it is not incumbent on them to show they have no other remedy. It may be that the errors complained of might have been correctible on appeal. That is no answer to this proceeding.

We maintain that the legislature in enacting this statute, were influenced by the following considerations: They knew that the courts of probate exercised a very extended jurisdiction, and that the suitors before them are, in large part, the most defenseless class in the community. That court controlled the destinies of the widows and orphans. The legislature also knew that many of the probate judges are ignorant of the plainest principles of the law. The legislature, thereupon, determined to give to the chancery courts a general revising power over the probate courts; and they withheld that revising power only from cases where the error of law or fact occurred through the fault or neglect of the

party complaining. These, on the doctrine of contributory negligence, the legislature thought had no right to complain. This highly conservative principle of the law, so beneficial to the most defenseless classes of society, it behooves this court to preserve in its integrity.

2. Believing, as we do, that the foregoing is the true construction of section 2274 of the Revised Code, we think no error can be found in the rulings of the chancellor.—*Morrow v. Allison*, 39 Ala. 70.

MANNING, J.—Appellees, heirs of mature age of Eli Townsend, deceased, and distributees of his estate, complainants in the Chancery Court, filed their bill against defendant, Boswell, as administrator of the same estate, and against the other heirs and distributees, to correct alleged errors of fact and law, which they aver had been committed without any fault or neglect on their part, by the judge of probate of Pike county upon the final settlement by Boswell of his administration. The bill shows that notice of such final settlement was duly given to complainants, and that they were present personally and with counsel, contesting the accounts and adducing evidence in respect to the items thereof and to the advancements made to each—not excepting the particulars specified in the bill as those in which it is charged the errors occurred. No exceptions were reserved at that time to the rulings of the court; no bill of exceptions was prepared and taken; it is not alleged that complainants and their counsel were prevented by any fraud, or false representations practised by others, or any excusable ignorance of facts which they had since learned, from obtaining justice; and no facts or circumstances are assigned in support of the averment that the complainants are not chargeable with any fault or neglect in respect to the errors complained of—unless we regard as such the allegation that they produced to the court evidence upon which it should have decided otherwise. What this evidence was, is not set forth.

The bill of complaint was supposed to be authorized in its present form, by section 2274 (1915) of the Revised Code; which is as follows: "Where any error of law or fact has occurred in the settlement of any estate of a decedent to the injury of any party, without any fault, or neglect on his part, such party may correct such error by bill in chancery within two years after the final settlement thereof; and the evidence filed in the court in relation to such settlement, must be

received as evidence in the court of chancery with such other evidence as may be adduced."

Without commenting on other clauses of this section, it expressly declares that the errors it mentions that may be corrected, through the aid of a court of chancery, are such as have occurred "without any fault or neglect" on the part of the person complaining. Care is thus taken to maintain a principle which has always been held by this court to be the corner stone of the jurisdiction of chancery in all similar cases.

When the State is invoked through its judicial tribunals to settle matters in controversy between persons subject to its jurisdiction, it is that the settlement may be definitive. The expensiveness of litigation to the parties concerned is always considerable and often very heavy. The time also of themselves and their witnesses devoted to it, is taken from their other important affairs and daily business; and the anxiety and distraction of mind which are the pretty certain concomitants, must be not only painfully disquieting, but a hinderance to the proper performance of exacting duties. These and other considerations make it a matter not only of private, but of public concern, that such controversies when once determined shall not be reopened; a conviction which was long ago expressed in the maxim, *interest reipublicae ut sit finis litium.* Hence, although appellate tribunals are established to revise the proceedings and correct the errors of courts in which causes are first decided, in order that the law may be correctly expounded and uniform throughout the State, yet unless these causes be remanded to them by the appellate tribunals, the same matters of controversy can not, save in exceptional cases, be tried in those courts again, or in any other of merely co-ordinate or concurrent authority. When, therefore, in any of those exceptional cases of which, under either statute law, or general equity principles, an unsuccessful party is allowed to obtain a retrial—because prevented from getting justice in the first instance, by some fraud, accident or mistake, to which any one may fall a victim—it is necessary to his success, that he aver and prove that the judgment complained of was rendered without fault on his part. The rule is based on a fundamental principle; for, it is foreign to the idea of law and judgment, that they should be unstable, or exorable and capricious.

In every form in which such cases have been presented in our courts, this rule has been insisted on.—In *French v. Garner* (7 Port. 549), as in many others, the endeavor was

[Boswell et al. v. Townsend et al.]

to obtain through a court of equity, a retrial after a judgment in a common action at law. In one of these (*Sanders v. Fisher*, 11 Ala. 814), ORMOND, J., said : "It is exceedingly painful thus to witness the triumph of fraud. But if parties will not attend to their interests . . . it is not in the power of a court of chancery to relieve them." The complainant was, therefore, compelled to pay again a debt, that he had already been coerced by garnishment to pay to a creditor of the person to whom he owed it, and who afterwards obtained another judgment therefor against him.

In *Duckworth v. Duckworth* (35 Ala. 73), *Watts v. Gayle* (20 Ala. 817), and other cases, it was held that the same rule would prevent the reopening on account of errors, of the settlements made of estates in probate courts. In *Weaver v. State* (39 Ala. 535-540), it operated to prevent the setting aside of a decision of a court of county commissioners, on the amount of an assessment for taxes. And in *White v. Ryan* (31 Ala. 400), *Stewart v. Williams* (33 Ala. 492), and some other instances—of petition to circuit judges, for *supersedeas* and retrial, under section 2814 (2408) of the Revised Code—the petitioners were held to proof of strict diligence unmixed with fault or negligence, to entitle them to relief. In this section 2814, the clause is—"without fault on his part." In the section under which the bill in the present cause was filed, the provision is—"without any fault or neglect on his part."

Not only must the plaintiff in such a case have been without fault, but the circumstances showing that he was so must be stated, in order that the court may judge for itself whether he was blameless or not.—*French v. Garner, supra* ; *Stewart v. Williams*, 33 Ala. 493 ; *Weaver v. State*, 39 Ala. 545. In the present bill this is not done, unless the allegation that proof was submitted to the Probate Court which should have induced it to decide otherwise, can be regarded as a compliance with the rule. But obviously this is the statement of a mere conclusion of those who aver it, or of their pleader, and not a statement of facts from which the conclusion results. Besides, if this averment is true, it discloses affirmatively, that complainants and their counsel were guilty of neglect in not, by bill of exceptions, having the evidence put on the record, and the errors corrected by appeal to this court. The court of chancery is not an appellate or revising court for correction of errors committed by other courts, upon the same evidence which they had jurisdiction to consider, and which was or might have been submitted to them.

*Moore v. Dial*, 3 Stew. 158; *Watt v. Cobb*, 32 Ala. 532; *Weaver v. State*, 39 Ala. 540; *Reynolds v. Dothard*, 7 Ala. 664. In these and other cases, it has been repeatedly adjudicated here, that the failure to have errors of a lower court corrected by appeal, with a bill of exceptions when necessary, is a want of diligence—such *fault* and *neglect* as must prevent a party chargeable therewith from getting redress in a court of equity. (See also *Stein v. Burden*, 30 Ala. 275.) And it must be presumed in using those words in section 2274, the legisla-ture meant and expected that the courts would continue to hold that to be *fault* and *neglect*, which they had always before declared to be so.

The able counsel of appellees argue that causes arising under section 2274 are an exception, in this particular, to the general rule; and that it was intended to confer a revisory jurisdiction on chancery courts over settlements in probate courts, and a right to parties to call it into exercise, whenever the evidence that was before the Probate Court, " and such other evidence as may be adduced," if incorporated in a bill of exceptions, would show " error of law or fact" in the judgment of that court on an appeal to this. But, if the " other evidence" adduced, be required to show such error, it would not appear that the Probate Court had committed any, upon the evidence that was submitted to its considera-tion; and by this construction the words " without any fault or neglect on his part," and the effect which must be given to them, according to numerous decisions of this court, would be wholly ignored. Or, if it is intended they shall not be ignored, then as the issue to be first decided, is, whether such error was committed without fault on the part of complainant, witnesses must be examined to give testi-mony on one side, and on the other side to controvert the testimony given, concerning the *evidence* that was in fact sub-mitted to the probate judge; an inquiry and practice that could not but be productive of great expense, embarrassment and dissatisfaction. It is to be observed, that the right given by the section in question is given to " any party" to the settlement, the administrator, as well as distributees; so that, upon the construction contended for, any one of them might drag all the rest into the Chancery Court, almost at will; and the decrees of the Probate Court, which are intended to be of so conclusive a character that executions. upon them may be issued, and appeals taken for the revision of them in the Supreme Court, would thus be made almost. nugatory.

[Boswell et al. v. Townsend et al.]

Section 2274, *supra*, was carefully considered in the case of *Otis, Adm'r v. Dargan* (53 Ala. 178), in which this court said : " The error of law or fact, which is sought to be corrected, must be clearly and distinctly pointed out. . . General allegations of error without specifying particulars, will not avail. By proper allegations and proof the party complaining must also show that the errors occurred without fault or neglect on his part. A general allegation of diligence, or that it was without his fault, or neglect, is not sufficient. Such allegation could be made in any case, and is but an averment of the party's own opinion, or judgment, as to what he has done or omitted. It must be shown how the error occurred, and what cause prevented the party from objecting to and avoiding it, when the settlement was made, otherwise the statute would be a mere cloak for inattention to and negligence of settlements in the courts of probate, would prolong litigation and derogate from the value and dignity of the judgment of a court of competent jurisdiction." To these views we adhere.

This court stands in the same relation—that of an appellate tribunal—to the Probate Court as to a court of chancery. It is the complement in our judicial system of either, and the proper forum for the correction of their errors. And where a party complaining of error in such a settlement in the Probate Court, shows that he was present at it personally and by counsel, and that he produced there evidence upon which he was entitled to a decree in his favor, but omitted, without any good legal reason, to except to the rulings against him of the Probate Court, and to set forth that evidence and his exceptions in a bill of exceptions, so that the proceedings might be reviewed on appeal by this court, he discloses on the face of his complaint a want of due diligence. The error, if there be any, does not exist without fault on his part. A settlement thus made in a court having cognizance of the cause, can not be treated as a nullity, and proceedings be instituted for a re-examination of the same matters, *de novo*, in a court of concurrent jurisdiction (*e. g.* a court of chancery), to be thence brought, as it might have been from the Probate Court, to this tribunal, by appeal.—*Reynolds v. Dothard,* 7 Ala. 664.

Let the judgment of the Chancery Court be here reversed, and an order made dismissing the bill of complaint at the costs of appellees in this court and the court below.

STONE, J., having been of counsel, not sitting.