(104 So. 512)

## DAMON v. GASTON, WILLIAMS & WIGMORE, Inc. (1 Div. 354.)

(Supreme Court of Alabama. May 14, 1925.)

Judgment ⚖⇒436—Bill to set aside final judgment and enjoin enforcement held to fail for want of equity.

Where a defendant, whose attorneys had withdrawn, had been notified that judgment nil dicit had been entered against him, and knew that condition on which plaintiff had agreed to transfer litigation to another state had not been met, and final judgment was not entered until nearly two years thereafter, his suit to set aside that judgment and enjoin its enforcement on ground of fraud *held* without equity, in view of his indifference and inattention, especially where his defense on merits was partial.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill to enjoin enforcement of a judgment at law by Blaine Damon against Gaston, Williams & Wigmore, Inc. From a decree denying relief, complainant appeals. Affirmed.

Rickarby, Beebe & Coley, of Mobile, for appellant.

Complainant showed good ground for setting aside the judgment. Evans v. Wilhite, 176 Ala. 287, 58 So. 262; Weaver v. State, 39 Ala. 535.

Palmer Pillans and Alex. T. Gresham, both of Mobile, for appellee.

The loss of complainant's defense was due to his own negligence; the bill is without equity. Stein v. Burden, 30 Ala. 273; Allman v. Owen, 31 Ala. 167; Nation v. Nation, 206 Ala. 397, 90 So. 494; Stinnett v. Branch Bank, 9 Ala. 120; Nat. Fert. Co. v. Hinson, 103 Ala. 532, 15 So. 844; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; De Soto Coal Co. v. Hill, 194 Ala. 537, 69 So. 948.

GARDNER, J. Suit by writ of attachment was begun in the Mobile circuit court in March, 1920, for the recovery of $18,000 by Gaston, Williams & Wigmore, Inc., against Blaine Damon, a resident of the state of New York. Said Damon thereupon filed an unconditional appearance in the cause, secured counsel, and had the attached property released upon the execution of a replevy bond in the sum of $36,000, with the Fidelity & Deposit Company of Maryland as surety. In July, 1921, a judgment nil dicit with leave to prove damages was entered against Damon in the cause, and previous thereto his counsel had withdrawn their appearance, due, as alleged in the bill, to a misunderstanding, but, as proven by affidavits, to a failure upon Damon's part to pay any fee. The writ of inquiry was executed, and final judgment rendered in May, 1923, and in August, 1924, Damon and the said surety upon his replevy bond filed the bill in this cause against Gaston, Williams & Wigmore, Inc., seeking to have said final judgment set aside and its enforcement enjoined upon the ground of its fraudulent procurement. A temporary restraining order was issued by the chancellor upon the filing of the bill. Answer was filed with demurrers incorporated therein, and affidavits also presented by the respective parties to the cause upon the hearing of the application for the issuance of a temporary writ of injunction. Upon consideration the chancellor rendered a decree sustaining the demurrers to the bill, and also denying the application for an injunction and dissolving the temporary restraining order theretofore issued. From the decree thus rendered the complainants have prosecuted this appeal.

First presented for consideration is the equity of the bill. The bill alleges the facts as above outlined as to the institution of the suit by Damon's appearance, and execution of the replevy bond. The dates as alleged also correspond with those just named, with the exception of that of the institution of this suit, which is averred to have been in April, rather than March, 1920.

The judgment is sought to be avoided upon the ground that, after the institution of the suit, a definite agreement had been reached between the parties through their counsel for a transfer of the cause to a New York court as a matter of convenience to all concerned, and that judgment was rendered without notice, and in violation of this agreement. But the facts alleged do not show a definite unconditional agreement for a transfer of the cause to the New York court, but only such transfer on condition that Damon [hereinafter, for convenience, referred to as defendant] file a bond there similar to the one in Mobile; the bill alleging in this respect that—

"An agreement was reached to remove the cause from Mobile to New York upon Damon's promise to file in New York a bond similar to that filed in Mobile."

It further appears from the bill that on July 25, 1921, in response to an inquiry of defendant's counsel as to when the agreement for the removal of the cause was to be carried out, New York counsel for Gaston, Williams & Wigmore, Inc. [hereinafter, for convenience, referred to as plaintiff], wrote, informing him that local counsel for defendant had withdrawn their appearance when the cause was called for trial at Mobile, and that plaintiff's local counsel had obtained a judgment nil dicit against defendant, with leave to prove damages, but that local counsel at Mobile would be instructed to have the judgment there vacated as soon as proceedings had been commenced in New York and defendant furnished the proper bond or security. Defendant therefore knew of the judgment nil dicit in July, 1921, and was informed of the condition of its vacation, the commencement of proceedings in New York, and a bond or security there, provided by defendant.

In view of the understanding as to the transfer of the litigation, defendant deemed it unnecessary, so the bill alleges, to employ other counsel at Mobile in lieu of former counsel who had withdrawn their appearance. Counsel for defendant wrote two letters, one on July 26, 1921, and the other August 24, 1921, inquiring about consummation of the agreement as to the transfer by filing the suit in New York and making bond. In reply to the last letter, plaintiff's counsel replied they were writing Mr. Fauven, of Gaston, Williams & Wigmore, "and will take the matter up further with you shortly," to use the language of the correspondent. Since receipt of this last letter no word relative to the judgment or to the transfer of the case had been received by defendant's counsel in the matter, and on September 15, 1921, he wrote plaintiff's New York counsel as follows: "We are still waiting to hear from you with regard to the institution of a suit in your jurisdiction to take the place of a suit in Mobile"—but received no reply thereto.

The bill then avers that defendant's counsel heard plaintiff was in financial difficulties, with an application for a receivership, and, as his client had a meritorious defense to the action, "he naturally concluded that plaintiff had decided to abandon further litigation, until advised in the month of July, 1924, that a motion to amend judgment nunc pro tunc was pending in the circuit court of Mobile and would be heard on July 19th, and learning then for the first time that final judgment for $19,448.62 had been rendered against Damon in May of the previous year."

It may be stated here that "the meritorious defense to the action" consisted in a plea of set-off which had not been filed, but which is shown in paragraph 11 of the bill to have been a claim of $13,740 for demurrage and damage growing out of an alleged breach of contract; it thus appearing the defense in any event was only partial.

The bill discloses, therefore, a knowledge on the part of defendant's counsel that the understanding for a transfer of the cause to a New York court was conditional only; that the condition precedent had not been consummated, and the cause, therefore, was still pending in the Mobile court, with no local counsel to represent defendant; that, in addition to this, a judgment nil dicit had been entered in July, 1921 [of which he had notice during the same month], and his last letter of inquiry in regard to the matter, written in September, 1921, remained unanswered, but defendant continued quiescent and indifferent to the pending cause because defendant's counsel heard of an application for receivership for plaintiff, and assumed plaintiff had abandoned the case. Final judgment was not entered until May, 1923, but defendant knew nothing further of the status of the Mobile case until July, 1924. The writ of inquiry was not executed until nearly two years after entry of the judgment nil dicit. Clearly, there was no hasty action, and the averments of the bill do not lend color to the suggestion that any unfair advantage was actually sought or intended, and the proof offered by way of affidavits fully refutes such suggestion. But this aside, we think the case may more properly rest upon defendant's own negligence and lack of attention to the suit. The principles governing bills of this character have been frequently stated, and are familiar:

"The rules of equity are strict in requiring a party seeking relief from a judgment at law to acquit himself of fault or neglect in respect of defenses which might have been interposed to prevent the judgment.". Foshee v. McCreary, 123 Ala. 493, 26 So. 309.

"A want of diligence is as fatal as the want of a valid, substantial defense, or the absence of any fact rendering it unconscientious to execute the judgment." Norman v. Burns, 67 Ala. 248.

"A concurrence of injustice committed, and freedom from fault and negligence, is an indispensable condition to the exercise of this jurisdiction." Waldrom v. Waldrom, 76 Ala. 289.

Among the numerous reported cases, we select the following as the more nearly in point: Stein v. Burden, 30 Ala. 270; Allman v. Owen, 31 Ala. 167; Nation v. Nation, 206 Ala. 397, 90 So. 494; Nat. Fert. Co. v. Hinson, 103 Ala. 532, 15 So. 844; Hendley v. Chabert, 189 Ala. 258, 65 So. 993.

A review of these authorities would extend this opinion to undue length, but, suffice it to say, a consideration of the facts therein noted, and the application thereto of the rules of law controlling in cases of this character, fully support our conclusion of a want of equity in the bill here considered. Here

defendant had confessedly but a partial defense to the action. His local counsel withdrawing, he left the case without any representative at Mobile, although notified that judgment nil dicit had been entered with leave to prove damages. The agreement for a transfer was conditional. A considerable sum was involved, and, of course, reason would suggest that plaintiff take care it lose none of the advantage gained by the attachment proceedings, resulting in the execution of a replevy bond. He knew the condition for transfer had never been met and the cause was still pending against him with a judgment nil dicit entered, and yet for a period of nearly three years thereafter learned nothing of the suit until he was informed, in July, 1924, that in May, 1923, final judgment was entered. In the meanwhile he received no information concerning the litigation, and made no inquiry in regard thereto, but sat supinely by, resting upon a wholly unauthorized assumption that the cause would be or had been abandoned.

He has acted with profound indifference and inattention as to the progress of the suit at Mobile, and the following language in Stein v. Burden, supra, is equally applicable here:

"If he had used proper diligence, there would have been no necessity for a resort to a court of chancery. His neglect cannot create for him a title to relief. He must bear the consequences of his neglect."

The case of Evans v. Wilhite, 176 Ala. 287, 58 So. 262, relied on by counsel for appellant, is readily distinguished. There, the order for the continuance of the cause for the term had been regularly entered, and it was held, under these circumstances:

"There was no duty on defendant to stay in court to see that it was not later called up for trial."

There is nothing in that authority that militates against the conclusion here reached.

Our decision that the bill is without equity disposes of all questions presented on this appeal. We may add, however, that the ruling of the chancellor denying the application for injunction was amply justified upon a consideration of the answer and affidavits offered by the respective parties, which not only add emphasis to defendant's negligence, sufficiently disclosed by the bill, but also show that, in fact, defendant had equal opportunity to establish this same defense of set-off in a suit pending in the New Jersey court, where it was pleaded, but in which litigation defendant also defaulted as in that at Mobile. No affidavit was offered by defendant himself, but only that of counsel. It is but just to state also the proof discloses no bad faith on plaintiff's part, or that of its counsel, but the judgments were, in fact, a result of the insistence of the trial court that the cause be determined and the docket cleared thereof as ample time had elapsed, and further delay would not be tolerated. The details as to the receivership proceedings are not material to a decision of this cause, and need no statement or comment.

We conclude the decree sustaining the demurrer to the bill for a want of equity, and denying the application for injunction, was correct, and will be accordingly here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.