# L. & N. R. R. Co. *v.* Cowley, *et al.*

## *Injunction.*

(Decided Dec. 16, 1909. 50 South. 1015.)

1. *Pleading; Demurrer; Scope.*—Construing together the provisions of sections 5340 and 3121, it is held that rulings as to pleas on demurrers must be confined to the special causes assigned.

2. *Municipal Corporations; Streets; Obstructions.*—Sec. 1241, Code 1907, contains no provisions to prevent abutting property owners from their right to injunction against obstructions in a street, if they would be otherwise entitled to such relief.

3. *Same; Parties.*—Owners of property abutting on a public street whose rights, damages and injuries are alleged to be of the same kind, and different only as to extent and amount, may join as complainants in a bill to restrain the maintenance of a nuisance in the shape of an obstruction.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

[L. & N. R. R. Co. v. Cowley, et al.]

Bill by John H. Cowley and others, against the Louisville & Nashville Railroad Company, to enjoin the erection and maintenance of a passenger station and iron fence in and along a public street. Decree for complainant and respondents appeal. Affirmed.

GREGORY L. & H. T. SMITH, for appellant.—The bill does not show that the complainants were deprived of reasonable access to their property.—*Jackson v. Bir. F. & M. Co.*, 154 Ala. 472. No allegations are made in the bill sufficient to show that complainants are deprived of light and air by the obstructions complained of. —*First Nat. Bank v. Tyson*, 144 Ala. 466; *Crawford v. A. B. & A. R. R. Co.*, 48 South. 267. The pleader's mere conclusions are not sufficient.—*L. & N. v. Neal*, 128 Ala. 156; *McDonald v. Finch*, 131 Ala. 89. In order to entitle complainants to relief each must be able to enforce a joint right and all must recover or none can.—*Prestwood v. McGowan*, 128 Ala. 271. As all the complainants do not conduct business on their property they cannot recover for injuries to business, even though injuries are sustained by those using their property for such business.—Sutherland on Dam., sec. 1042; 18 Minn. 65. The entire damage done can be recovered in an action in case, and hence, chancery has no jurisdiction.—*M. & E. R. R. Co. v. Prudden*, 20 N. J. E. 537; *Rosser v. Randolph*, 7 Port 227; *Rae v. Lynes*, 10 Ala. 65; *Denns v. M. & M R. Co.*, 137 Ala. 657; *Southern Ry. Co. v. Albes*, 153 Ala. 536. The power to remove obstructions in a public street is by statute reposed exclusively in the board of public work.—Sec. 1241, Code 1907; *City of Mobile v. L. & N.*, 134 Ala. 122; *City of Demopolis v. Webb*, 87 Ala. 669. The convenience to the public greatly outweighs the inconvenience to any individual and no injunction can be

obtained.—*Western Ry. v. Grand Trunk*, 96 Ala. 288; High on Injunctions, sec. 598.

FITTS & LEIGH, for appellee. The facts alleged show that the damages are peculiar to these complaints, different from that to the public at large.—*Noble v. Moses Bros.*, 81 Ala. 530; *1st Nat. B. v. Tyson*, 144 Ala. 469, Demurrers 1 and 2 were properly overruled.—*Douglass v. City of Montgomery*, 118 Ala. 599; *Dennis v. M. & M. R. R. Co.*, 137 Ala. 658. The structure was a nuisance. —*Storey v. Elevated R. R. Co.*, 20 N. J. 122 The complainants were properly joined.—40 Wis. 417; 110 Ind. 320; 118 Ill. 61; 49 N. J. E. 339; 84 Am. St. Rep. 855. Their rights are such as will be protected by injunction. —*1st Nat. Bank v. Tyson, supra; Weiss v. Taylor*, 144 Ala. 440; 48 Am. Rep. 457; 78 Ind. 91; *Jackson v. B. F. & M. Co.*, 154 Ala. 464; *Douglass v. City of Montgomery, supra*. If complainants are entitled otherwise to relief prayed for, section 1241, Code 1907, does not deprive them of that right.—*Pearson v. Birmingham*, 155 Ala. 631.

MAYFIELD, J.—The bill is filed by a number of abutting property owners against a railroad company to enjoin the erection and maintenance of a passenger train umbrella shed, and iron fence inclosing it, in and along a public street in the city of Mobile, in front of their property which abuts on the street, where the structures complained of are being erected by the defendant railroad company. The bill alleges, among other things, that the street in question is a public one, made such by dedication, and that the same has been in contant use as such for more than 40 years; that it is a much-used street by the public, and by the complainants and their tenants; that the depot or shed is a wooden structure

15 feet high and 12 feet wide, and extends along the street in front of complainants' property for a considerable distance; that the fence is a high iron one, constructed of bars set close together and held in place by iron stringers, and fixed into the street by means of cement; that the two structures constitute an appropriation of about one-half of the street, for the distance along which they extend; that the obstruction cuts off the view and outlook from the property of complainants to the east in the direction of the morning sun, the Mobile river, and the other side of the street, and of the river front; that the obstruction prevents the tenants from crossing and recrossing the entire width of Commerce street; that it impairs the value of the properties of complainants to an extent which it is impossible to measure by dollars and cents; that it destroys the width and symmetry of the street; that it obstructs the light, air, view, and prospects necessarily arising from and incident to an open street; that the several things complained of will depreciate the value and use of the property; that it appropriates part of the street to the defendant's own use without condemnation proceedings, and without the payment of just compensation.

The grounds of the demurrer were as follows: (1) Because the exclusive power of prohibition and removal of obstructions and unsightly objects from the city of Mobile is vested wholly in the board of public works of said city. (2) Because depreciation in the value of their properties and in the use thereof is the only injury that the allegations of the bill of complaint show that complainant suffered different in kind from that suffered by the public generally. (A) Because the right that each complainant seeks to enforce is different from the right sought to be enforced by others of the complainants. (B) Because the injury suffered by each of

the complainants is different from the injury suffered by others of the complainants. (C) Because the remedy that each complainant is entitled to is different from the remedy that others of complainants are entitled to.

It is insisted on this appeal that the bill is without equity, and that it is too indefinite and uncertain in its averments as to the interests of the respective complainants in and to the street thus obstructed, and as to the facts, to show the nature, character, and extent of their respective damages or injuries by reason of the structures; that the bill is too indefinite and uncertain as to the location of the structures in the street, and as to whether or not any part of the street as to which the complainants own the fee is taken, and, if so, how much and what part; and that the averments are too indefinite and uncertain to show that the damages or injuries suffered by complainants are different in kind and degree from those suffered by the public in consequence of the obstruction. It is sufficient to say that none of these objections was sufficiently pointed out by the demurrers to be considered on this appeal. The trial court could not and did not pass upon them in the lower court.

The statute (section 5340 of the Code of 1907) provides: "No demurrer in pleading can be allowed but to matter of substance, which the party demurring specifies; and no objection can be taken or allowed which is not distinctly stated in the demurrer." Section 3121 of the Code of 1907 provides as follows: "A demurrer to the bill must set forth the grounds of demurrer specially, unless the defendant desires to test the equity of the bill, when he may do this by a general demurrer, 'that there is no equity in the bill.' The motion to dismiss for the want of equity is hereby abolished." Under these statutes it is the uniform practice to confine the rulings and decrees on demurrers to the special causes assigned.

The first ground of demurrer is not well taken. The provision of the Municipal Code, now embodied as section 1241 of the Code of Alabama, was not intended to deprive, and does not deprive, the property owner of his right to injunctive relief as against obstructions of the public streets on which his property abuts, if he would otherwise be entitled to such relief. Whatever change such statute may have wrought as to the municipal control of the streets and highways of municipalities, it did not destroy the rights or remedies of the abutting property owner, such as are attempted to be assertetd in this bill.

The second ground of demurrer, that the only injury shown to have been suffered by complainants, different in kind from that suffered by the public generally, is the depreciation in value of complainants' property, is not well taken. The bill does aver other injuries different in kind and degree from that suffered by the public generally. It may be that some of these are not alleged with sufficient certainty; but the demurrer should have pointed out such defects, if such there be.

The other grounds of demurrer go only to the misjoinder of parties complainant. These grounds are not well taken to this bill. We know of no rule of law, pleading, or practice which prohibits the joinder of complainants such as those in this suit. The rights, damages, and injuries of all are alleged to be of the same kind, and to differ only in extent and amounts. The interests of the abutting owners in and to the street, so far as appears from the bill, are common, and the damage, if any, is common to all; and, there being but a single object to be accomplished by all, they may unite as co-complainants in a single bill, for an injunction as to an alleged public nuisance in the obstruction of the public street.—1 High on Injunctions, § 635, pp. 614,

[Blackman v. Mauldin.]

615; *Taylor v. Bay City R. R. Co.*, 80 Mich. 77, 49 N. W. 335; *Rowbotham v. Jones*, 47 N. J. Eq. 337, 20 Atl. 731, 19 L. R. A. 663; *Jones v. Rowbotham*, 48 N. J. Eq. 311, 24 Atl. 131, 19 L. R. A. 663; *Whipple v. Guile*, 22 R. I. 576, 48 Atl. 935, 84 Am. St. Rep. 855.

It follows that none of the grounds of demurrer assigned are well taken, and that the chancellor properly overruled the demurrer and his decree thereon must be affirmed

Affirmed.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.