(87 South. 799)

STEWART v. STEWART.    (6 Div. 198.)

(Supreme Court of Alabama.    Feb. 10, 1921.)

1. **Cancellation of instruments** ⊙⇒37(7) — **Pleading** ⊙⇒8(16)—Bill held demurrable for alleging duress without setting out substantive facts, and not charging defendant with the duress or knowledge of it.

Lessor's bill to cancel a lease charging duress, but failing to set out the substantive facts relied upon as constituting the same, is subject to demurrer, and the averment of duress is also defective where it does not charge the defendant lessee with being a party to said duress, or with knowledge of the same, although the bill does aver defendant's knowledge and participation in the fraud charged.

2. **Pleading** ⊙⇒8(15)—Bill for cancellation should set out the facts constituting the fraud charged.

A bill by lessor to cancel a lease charging lessee and his brother, plaintiff's husband, with fraudulent procurement of the lease, should set out the facts constituting the fraud.

3. **Cancellation of instruments** ⊙⇒12—Lessor has adequate remedy at law, where lease is invalid.

If a lease is void, the lessor has a plain and adequate remedy at law, and does not need a cancellation in a court of equity.

4. **Cancellation of instruments** ⊙⇒37(4)—Bill should specifically offer to do equity.

A lessor's bill for cancellation of a lease should offer to do equity by submitting to the order of the court and offering to reimburse the defendant for all sums that may have been paid out upon legal charges against the land,

---

and a vague statement in the prayer concerning the court's opinion as to "equity and good conscience," but not specifically offering to do equity, is insufficient.

5. **Cancellation of instruments** ⬡⟹37(1)—Bill to cancel lease held to sufficiently charge lessee with knowledge of previous conveyance to plaintiff by her husband, although deed not of record.

Where a husband conveyed land to his wife, and before her deed was recorded she joined her husband in leasing the land to her husband's brother, her subsequent bill for cancellation of the lease *held* to sufficiently charge defendant lessee with knowledge of the conveyance to her.

Appeal from Circuit Court, Pickens County; Robert I. Jones, Judge.

Bill by Josephine Stewart against T. E. Stewart to cancel and annul certain leases. From decree overruling demurrers to the bill, the respondent appeals. Reversed, rendered, and remanded.

The lease was for certain lands therein described which had been previously conveyed by J. E. Stewart, the husband, to Josephine Stewart, and runs for six years, or from 1st day of January, 1920, to and including the 31st day of December, 1925. The lease was executed to T. E. Stewart by J. E. Stewart and Mrs. Josephine Stewart. The consideration was $4,000 divided into different payments for the benefit of J. E. Stewart, together with cash paid to him. Bill alleges the annual reasonable value to be $4,000 per annum. In reference to the duress it alleges that complainant became sick and unable to attend to business, and that while so sick and incapacitated in Franklin, Tenn., her husband came there and coerced her into signing said lease. The bill further alleges that she did not sign the lease in her capacity as owner, but only as the wife of said J. E. Stewart and therefore it is not binding on her for that reason.

Patton & Patton, of Livingston, for appellant.

The general demurrer that there is no equity in the bill is the proper method to get this equity. Section 3121, Code 1907; 17 Ala. App. 429, 85 South. 595. The averments of fraud are not sufficient. 201 Ala. 150, 77 South. 574; 13 Ala. 475; 56 Ala. 468; 72 Ala. 456; 75 Ala. 363; 102 Ala. 424, 15 South. 247; 202 Ala. 202, 79 South. 574. This is true as to the statement of coercion. Authorities supra. It is not charged that T. E. Stewart knew of the coercion, and hence it would not affect his rights acquired under the lease. 66 Ala. 600; 69 Ala. 92; 73 Ala. 387; 154 Ala. 117, 45 South. 231. The exhibit answers the charge, and contradicts the recital as to how complainant signed. 130 Ala.

297, 30 South. 347; 127 Ala. 103, 28 South. 654; 52 Ala. 167.

Jack M. Pratt, of Carrollton, and Edward De Graffenried, of Tuscaloosa, for appellee.

No brief reached the Reporter.

ANDERSON, C. J. The bill in this case seeks to cancel or vacate two certain leases made by the complainant and her husband of certain lands owned by her, and which said lands had been previously conveyed to her by her said husband, J. E. Stewart.

The bill seems to seek relief upon three separate theories: First, because the lease was obtaind from complainant through the coercion and duress of her husband; second, because the same was not binding on her, as she executed it simply as the wife of J. E. Stewart, and not in the capacity of owner of the land; and, third, because the said leases were procured through the fraud of her husband pursuant to an agreement or conspiracy between him and the respondent to deprive complainant of her possessory rights in and to said land.

[1] The bill is faulty and subject to the respondent's demurrer as to the first theory, as it charges duress, and fails to set out the facts relied upon as constituting same. It seems settled that duress, when relied upon to avoid a contract, must not only be specially pleaded, but substantive facts should be set forth; legal conclusion will not suffice. 7 Enc. P. & P. 347; Richardson v. Little, 31 Ind. 119. This averment is also defective in that it does not charge T. E. Stewart as being a party to said duress, or with a knowledge of same. Royal v. Goss, 154 Ala. 117, 45 South. 231. The bill does aver a knowledge and participation on the part of T. E. Stewart as to the fraud charged, but not as to duress.

[2] While the bill charges T. E. Stewart with a responsibility for the fraudulent procurement of the leases by his brother J. E. Stewart, it does not set out the facts constituting the fraud. Little v. Sterne, 125 Ala. 609, 27 South. 972; Tyson v. Southern Cotton Oil Co., 181 Ala. 256, 61 South. 278.

[3] The second theory of the bill presents a glaring repugnancy between the averment and the leases, which are made a part of the bill, as the latter shows that the complainant made the same as owner of the land, and not as a mere release of her marital rights in the same. Moreover, if the lease was not a valid conveyance of the land, she has a plain and adequate remedy at law, and does not need a cancellation in a court of equity.

[4] The bill should, of course, offer to do equity by submitting to the order of the court and offering to reimburse the respondent for all sums that he may have paid out upon legal charges against the land. It does, in rather a vague and involved way, say

something in the prayer about the opinion of the court as to "equity and good conscience," but does not specifically offer to do equity.

[5] We think that the bill sufficiently charges T. E. Stewart with a knowledge that the land had been conveyed to the complainant before the execution of the leases, notwithstanding her deed had not then been recorded.

The trial court erred in overruling the grounds of demurrer presenting the points as above indicated, and a decree is here rendered sustaining same, and the cause is remanded.

Reversed, rendered, and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.