(90 South. 494)

### NATION v. NATION. (6 Div. 391.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied Oct. 6, 1921.)

**1. Divorce ⬳166—Bill held not a bill of review requiring permission of court for filing.**

Bill by wife against former husband to set aside a decree of divorce in his favor on ground of marital infidelity, and to have a decree rendered in her own favor on the ground of statutory cruelty, *held* not a bill of review and not subject to the requirement that permission must be obtained for its filing, but rather an original bill in the nature of a bill of review grounded upon fraud in the procurement of the decree attacked.

**2. Judgment ⬳405—Party attacking for fraud must be guiltless of neglect.**

One attacking a judgment for fraud, accident, or mistake must not only show that the judgment was the result of such intervention, but also that he was free from fault or neglect.

**3. Divorce ⬳161—Plaintiff attacking default decree held guilty of neglect.**

Where wife was served with writ of subpœna in action for divorce, and husband stated he would have the suit dismissed, and continued to live with her after he was granted a default divorce without her knowledge, she was not entitled to have the decree set aside for fraud, where she made no effort to ascertain for herself the truth of her husband's representations.

**4. Divorce ⬳161 — Default decree not set aside for perjury.**

A bill to annul a default decree of divorce obtained by husband, upon the ground of the husband's procurement of perjured testimony, was without equity.

**5. Divorce ⬳161—Delay in action to annul default decree not prima facie bar.**

Wife's delay in bringing action to annul a default decree of divorce obtained secretly by the husband until one year after learning of the existence of the decree was not prima facie a bar to the action.

**6. Appeal and error ⬳863—On appeal from overruling of demurrer matter not presented by demurrer not considered.**

On appeal from a decree overruling demurrers to a bill, matters not presented by the demurrer cannot be considered.

Somerville, Sayre, and Gardner, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Lucile Nation against Wesley Nation, her former husband, to set aside and annul a decree of divorce granted by the circuit court of Jefferson county in favor of Wesley Nation on the ground of marital infidelity on the part of the wife, and to have a decree of divorce rendered in her own favor on the ground of statutory cruelty. From a decree overruling demurrers to the bill, defendant appeals. Reversed, rendered, and remanded.

This bill shows that the bill for divorce was filed by the husband on April 29, 1919. and that a writ of subpœna was served on this complainant on May 8, 1919, that on proper showing a decree pro confesso was rendered on June 11, 1919, and that on testimony taken and submitted a final decree of divorce was rendered therein on June 17, 1919, by which complainant's husband was allowed to marry again, but no such permission was given to her. It is alleged that the parties continued to live together as husband and wife until September, 1919, when this complainant learned for the first time of the rendition of this decree, and thereupon she left the respondent and has not since lived with him. It is further alleged that the marital infidelity charged as grounds for divorce was falsely alleged, or supported by perjured testimony and did not in fact exist, and that this complainant was fraudulently prevented from making her defense against her husband's bill by his assurance to her, made after subpœna served, that he had filed the suit in a fit of anger, and that he would have the suit dismissed, and his further assurance, upon her several subsequent inquiries, that he had withdrawn the suit and had no intention of getting a divorce, and that these assurances were confirmed by his continuing to live with her as her husband. It appears from the record of the divorce suit, which is made an exhibit to this bill., that on July 16, 1920, complainant filed a petition to a decree in court setting up the fact of the rendition of said decree "without the knowledge or consent of petitioner" on grounds that were false and reciting that her said former husband had been granted the right to remarry, but that the petitioner was not so authorized, and praying for permission for her to marry again if she saw fit.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The respondent moved a dismissal of the bill on the grounds that it did not appear that it was filed by the permission of the court, and this motion was overruled. Respondent then filed demurrers to the bill assigning 30 grounds which set up in substance the following objections to the bill: (1) It does not appear to have been filed under any order or permission of the court; (2) It shows laches; (3) it charges no such fraud as is sufficient to annul the decree; (4) it shows negligence and fault on complainant's part in not sooner discovering the alleged fraud; (5) and in allowing the decree to remain for a long time in full force and effect. These demurrers were overruled, and the appeal is from that decree.

Vaughan & Silberman, of Birmingham, for appellant.

The bill was one of review, and required permission for filing. Section 3178, Code 1907; 2 Stew. & P. 417; 51 Ala. 301; 94 Ala. 346, 10 South. 304; 84 Ala. 349, 4 South. 182; 39 Ala. 409; 49 Ala. 319. Some diligence is required in the prosecution of such a bill, and fraud is not sufficiently alleged. 202 Ala. 539, 81 South. 41, and cases there cited.

Lipscomb & Altman, of Birmingham, for appellee.

This was an original bill in the nature of a bill for review, and required no consent for filing. 114 Ala. 430, 21 South. 952; 83 Ala. 225, 3 South. 622; 63 Ala. 363; Simm's Chan. Prac. § 634. The appellee was not guilty of laches. 189 Ala. 241, 66 South. 448; sections 3178, 4852, Code 1907. Sufficient fraud was alleged to vacate the decree. 186 Ala. 310, 65 South. 209; 98 U. S. 93, 25 L. Ed. 52; 61 Fla. 701, 55 South. 795; 114 Cal. 690, 46 Pac. 736; 54 Ala. 532; 62 Ala. 349; 75 Ala. 555; 81 Ala. 540, 1 South. 217, 60 Am. Rep. 175; 136 Ala. 505, 34 South. 836; 131 Ala. 606, 31 South. 94.

SOMERVILLE, J. [1] The bill of complaint here exhibited is not a bill of review, and is not subject to the requirement that the permission of the court must be obtained for its filing. See Murrell v. Smith, 51 Ala. 301, 305; Manegold v. Beavan, 189 Ala. 241, 66 South. 448.

This is an original bill in the nature of a bill of review, grounded upon fraud in the procurement of the decree which it seeks to annul. Hogan v. Scott, 186 Ala. 310, 65 South. 209.

[2, 3] It is a well-settled principle in the impeachment of judgments for fraud, accident, or mistake that the complaining party must not only show that the judgment was the result of such intervention, but also that the complaining party was, as to that re-sult, free from fault or neglect. Sanders v. Fisher, 11 Ala. 812, 815; Waldrom v. Waldrom, 76 Ala. 285, 289; Stevens v. Hertzler, 114 Ala. 563, 22 South. 121, 124. A majority of the court are of the opinion that the bill here exhibited is fatally defective in not showing that the complainant made some reasonable effort to ascertain for herself the truth or falsity of her husband's representations, and that her passive acceptance of them as true, without inquiry or activity of any sort, was such fault and neglect as must bar her right to relief. It is therefore held that the demurrer should have been sustained as to this defect in the bill.

[4] In so far as the bill relies upon the husband's alleged procurement and use of perjured testimony as charged in the fourth paragraph as a ground for relief against the decree of divorce, it is without equity. Hogan v. Scott, 186 Ala. 310, 65 South. 209; De-Soto Coal, etc., Co. v. Hill, 194 Ala. 537, 69 South. 948.

[5] It appears that complainant was informed of the existence of the decree in September, 1919, and then learned for the first time of the fraud practiced upon her by her husband. This bill was filed in August, 1920, nearly one year later, and the demurrer presents the objection that complainant has been guilty of laches which should bar its prosecution, in the absence of any showing to explain and excuse her delay. We think it is clear, however, that the mere fact of such a delay does not require explanation, and is not prima facie a bar to the relief sought.

[6] The fact that complainant appeared and petitioned the court in July, 1920, for permission to marry again, thereby impliedly recognizing the existence and validity of the decree, may have some potency as evidence when the cause is submitted for decree, but its effect, as a matter of law, is not presented by the demurrer, and cannot be now considered.

The decree of the circuit court will be reversed, and one will be here rendered sustaining the demurrer to the bill on the ground above indicated.

Reversed, rendered and remanded.

ANDERSON, C. J., and McCLELLAN, THOMAS, and MILLER, JJ., concur.

McCLELLAN, J., is of the opinion, also, that the representations and promises by the husband, presented as a basis for equitable relief against the decree in question, must be denied that effect in accordance with circuit court rule 14, providing that—

"No private agreement or consent between the parties or their attorneys, relating to the proceedings in any cause, shall be alleged or suggested by either against the other, unless

the same be in writing, and signed by the party to be bound thereby."

See Brunnier v. Hill, 204 Ala. 403, 85 South. 691, and cases therein cited.

SOMERVILLE, J. (dissenting). When, as here, a husband has instituted a suit for divorce, but continues to live with the respondent wife, and assures her that he does not wish to obtain a divorce, and that he will withdraw the suit, and afterwards that he has in fact withdrawn it, thereby lulling her into trustful inaction, and preventing her from appearing and contesting the rendition of a decree upon unfounded charges of marital misconduct, he would be guilty of such fraud in the procurement of the decree as would authorize its annulment by a court of equity. Nothing to the contrary appearing, the confidential relations of the parties would justify the wife in trusting to the honesty and good faith of her husband's assurances, and her failure to make independent investigation for herself as to the status of the divorce suit would not be evidence of negligence or fault on her part in suffering the wrongful decree.

On the face of the bill, which alone can be now considered, I think that the demurrer was, in this aspect, properly overruled.

SAYRE and GARDNER, JJ., concur in the dissenting views of SOMERVILLE, J.