174 So. 757

BANK FOR SAVINGS & TRUSTS v. JEFFERSON DEVELOPMENT CO.

6 Div. 39.

Supreme Court of Alabama.

May 27, 1937.

200

Murphy, Hanna, Woodall, & Lindberg, of Birmingham, for appellant.

J. Wiley Logan, of Birmingham, for appellee.

**ANDERSON, Chief Justice.**

As we understand, the bill of complaint as last amended is not a statutory bill to quiet title, but is by one in possession to cancel certain instruments of record as being invalid, but which show the legal title to the land to be in the respondent and which requires evidence aliunde to show the invalidity of said instruments. King v. Artman, 225 Ala. 569, 144 So. 442, and many cases there cited. Hence, the argument that the bill does not conform to the statutory requirements, section 9905 of the Code of 1923, is inapt.

The case of City of Bessemer v. Schanz, 226 Ala. 28, 145 So. 424, is not in conflict with King v. Artman, supra, but cites the same approvingly and notes a different rule as to the averment of a peaceable possession where the complainant, as here, can only show an equitable title unless the instruments complained of are canceled and the record is cleared. Freeman v. Brown, 96 Ala. 301, 11 So. 249.

As we understand, the bill seeks to cancel the mortgage and other instruments pursuant thereto upon the ground, not for fraud, but because the execution of the mortgage was unauthorized and upon the further ground that it was without consideration.

True, there is a charge of bad faith on the part of Estes, the president of the mortgagee company, but that relates to notice to the assignee of the invalidity of the mortgage and not a charge of fraud upon the part of the complainant such as would put it in pari delicto.

The bill undertakes to negative the defense by appellee or its predecessor of a bona fide purchase by charging notice of the infirmity of the mortgage. In other words, it charges actual notice or notice of such facts that would charge the assignee with notice that the mortgage and notes were taken in bad faith. The facts as to what should have put the assignee upon notice are charged only by way of conclusion. The succeeding averment seems to attempt to set out only the facts constituting actual notice and not those constituting the other alternative. Therefore, we think the failure of the bill to set out such facts as relied upon to put the assignee on notice rendered the amended bill subject to the respondent's demurrer, especially grounds 19 and 25. Again, while the bill charges actual notice, it then proceeds to set forth the facts constituting same, whether necessary or not, and charges that W. Thornton Estes, who was president of the mortgagee company, was also a director and member of the executive committee of the assignee bank and was also a member of its loan committee when the mortgage was assigned. It is, in effect, charged that Estes was acting in a dual capacity in the transaction, president of the assignor company and director and member of the loan committee of the assignee company. Therefore, the notice imputable to Estes was acquired when getting the mortgage and notes from the Jefferson Company and acting as president of the Estes Company. The notice that Estes acquired when acting for the mortgagee company in taking the mortgage and notes was not chargeable to the assignee bank in a transaction between it and the Estes Lumber Company, and the attempt to fasten actual notice on the assignee bank, because Estes, who was an officer of or connected with same, acquired notice of the infirmity of the mortgage and notes when acquiring same for the Estes Company, was ineffectual. Morris v. First National Bank of Samson, 162 Ala. 301, 50 So. 137, and cases there cited. There is no charge that Estes was the alter ego of both mortgagee and assignee companies so as to come within the influence of Burnwell Coal Co. v. Setzer, 203 Ala. 395, 83 So. 139, and McEntire, Wagnon & Thomas Co. v. Rock Hill Buggy Co., 172 Ala. 637, 55 So. 494.

The trial court erred in not sustaining the demurrers to the amended bill challenging the sufficiency of notice to the assignee bank, and, for this reason only, the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.