180 So. 773

### McNEAL v. PATTERSON et al.

6 Div. 262.

Supreme Court of Alabama.

April 28, 1938.

Basil A. Wood, of Birmingham, for appellant.

Harrison Kendrick and O. B. Cornelius, both of Birmingham, for appellees.

BROWN, Justice.

The bill is filed by a minor through and by her guardian against the defendants "as Trustees of Friendship Baptist Church in Hooper City," to foreclose a mortgage executed by the defendants to a former guardian to secure an indebtedness, which the bill alleges, including interest and taxes assessed against said property, "totals to-wit, $500.00 as of to-wit, September 27, 1937."

The bill avers:

"That the prior guardian of this ward named in the mortgage was J. B. Stephens, who died during to-wit, 1935.

"That on to-wit, December 11, 1936, respondents as trustees of the said church executed a mortgage covering the following described real estate as shown by a copy thereof hereto attached as Exhibit 'A.'"

Said Exhibit A appears to have been executed on December 11, 1926, and acknowledged by the respondents on December 7, 1926, as "officers and trustees of the Friendship Church * * * being duly authorized, by a vote of the majority of all the members of said church at a called meeting of the members of said church held on the 6th day of December, 1926, after notice of said meeting was served on all of the members of said church, to execute this mortgage to secure this loan, warranted free from all incumbrance and against any adverse claims."

The bill was filed October 5, 1937.

The defendants filed two demurrers to the bill, the first taking the points:

."I. For that the bill of complaint does not allege sufficient facts which in a Court of Equity entitles the complainant to the relief prayed for.

"II. For that the averments in said bill of complaint prove that the complainant is guilty of laches to such a degree as to defeat the complainant's prayer for relief in this cause."

The other assigned as grounds:

. "1. The date of the execution of the alleged mortgage is not described with sufficient certainty.

"2. The allegations as to the date when the purported mortgage was executed are inconsistent and repugnant.

."3. It does not appear with sufficient certainty whether these defendants are sued in their individual capacity, or solely as Trustees."

The demurrers were sustained, and the appeal is from that decree.

The last note, according to the recitals in the mortgage, matured September 15, 1928. The demurrer, first above mentioned, was therefore not well taken. The first ground was, in effect, the general demurrer for want of equity. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580.

The second ground was without merit, as it appears that the bill was filed well within the twenty years of the maturity of the last note. Hendley et al. v. First National Bank of Huntsville, 234 Ala. 535, 176 So. 348.

The defendants, as the averments of the bill show, are sued as trustees of the named church, and it may be that the church itself should be made a party, though this point is not made, and cannot be considered in this appeal. Baisden v. City of Greenville, 215 Ala. 512, 111 So. 2.
. It is now insisted that the bill alleges that the mortgage was executed December 11, 1936, and Exhibit A to the bill shows that it was executed December 11, 1926, and therefore there is irreconcilable inconsistency between the averments of the bill and the exhibits.

The grounds of demurrer are not sufficiently specific in pointing out such defect, and will not uphold the decree. Code 1923, §§ 6553, 9479; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Louisville & N. R. Co. v. Cowley et al., 164 Ala. 331, 50 So. 1015.

It may be that the guardian should join as a party complainant, but this point was not raised by the demurrers. See Kelly v. Wilson et al., 234 Ala. 455, 175 So. 551. The ward was a proper if not a necessary party. Kelen v. Brewer, 221 Ala. 445, 129 So. 23.

The demurrers were not well taken and the circuit court erred in sustaining them.

Reversed and remanded. .

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur. .