3 So.2d 301

### CITY OF ALBERTVILLE et al. v. UNIVERSAL ELECTRIC CONST. CO. OF ALABAMA.

#### 8 Div. 85.

Supreme Court of Alabama.
June 16, 1941.

Mack Killcrease, of Albertville, and Street & Orr, of Guntersville, for appellants.

Scruggs & Creel, of Guntersville, for appellee.

BROWN, Justice.

The contract evidencing the indebtedness for the construction of the distribution system by the complainant for the City of Albertville was with the consent and concurrence of said city hypothecated by the complainant as collateral security for advance of capital used in the prosecution of the work, and at the time of filing of the bill was owned and held by the complainant's creditor, the New Orleans Commercial Corporation as pledgee.

The complainant, therefore, was without right to sue at law for the recovery of any balance due under said contract. Code of 1923, § 5699, Code of 1940, Tit. 7, § 126; Oden-Elliott Lumber Co. v. Butler County Bank, 213 Ala. 84, 104 So. 3; Coats v. Mutual Alliance Trust Co., 174 Ala. 565, 56 So. 915.

Complainant however had a right of redemption—akin to the equity of redemption relating to mortgaged real property—the right to pay off the debt and have the pledged property restored to him. This right was subject to be lost by foreclosure or laches. Gilmer v. Morris, 80 Ala. 78, 60 Am.Rep. 85; 21 R.C.L. p. 683, § 44; Hall et al. v. Milligan, 221 Ala. 233, 128 So. 438, 69 A.L.R. 618.

This right of redemption, though it could not support an action at law for the recovery of the balance due on the contract, armed complainant with the right to invoke the aid of a court of equity to compel the debtor, the City of Albertville to pay the balance due under said contract and relieve the complainant of the embarrassment arising from the pledge and the refusal of said defendant to pay. 2 Williston on Contracts, §§ 358–359; Searcy v. Shows et al., 204 Ala. 218, 85 So. 444; Alabama Bank & Trust Co. v. Garner, 225 Ala. 269, 142 So. 568.

Therefore the bill as to the City of Albertville is not without equity and the general demurrer taking that point, and that the remedy at law was adequate, was not well taken.

There is an absence of allegation that any part of the funds arising from the sale of bonds is now in existence in the bank or elsewhere, or that the complainant had any interest in or title to such funds.

The withdrawal of said funds therefore by check for other purposes than the payment of the debt arising from the construction of said distribution system, was at most a breach of the contract by the City of Albertville. The allegations of the bill

**416**

show that Hooper and Baker acted as officers of the city in signing the checks.

 We are therefore of the opinion that grounds 10, 11 and 12 of the demurrer filed by the City of Albertville, and the general demurrer for want of equity by appellants, Hooper and Baker, were well taken.

 In the light of paragraph 7 of the contract, made exhibit to the bill, which appears in the reporter's statement of the case, grounds 14, 15, 16, 17 and 18, of the demurrer of the City of Albertville were well taken.

The court, therefore, erred in overruling the demurrer of the City of Albertville and of appellants, Hooper and Baker.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.