98 So.2d 42

Guss STOUDENMIRE, Pro Ami,

v.

Belby MIMS et al.

3 Div. 771.

Supreme Court of Alabama.

Nov. 7, 1957.

Grady Reynolds and Reynolds & Reynolds, Clanton, for appellant.

Taylor & Newby and W. Clarence Atkeison, Prattville, for appellees.

LIVINGSTON, Chief Justice.

The appellant, Guss Stoudenmire, pro ami Freddie Lee Stoudenmire, filed in the Circuit Court of Autauga County, in Equity, a bill of complaint against Belby Mims, Bertha Stoudenmire, Mack N. Stewart, and Mack N. Stewart as administrator of the estate of Annie Mims Stoudenmire.

The bill of complaint is one to quiet title to certain described real estate, and was filed in accordance with the statutory requirements as set forth under the provisions of Title 7, Sections 1109 and 1110, Code of Alabama 1940. Though it met the statutory requirements of a bill to quiet title, it went further and attempted to allege the complainant's source of title. To this bill of complaint, the respondents demurred.

The appeal is from a decree sustaining the demurrer of Bertha Stoudenmire, Mack N. Stewart and Mack N. Stewart, as administrator of the estate of Annie Mims Stoudenmire, and the demurrer of Belby Mims to the original bill of complaint. The ruling of the court in sustaining the demurrers is the only error assigned.

There were two demurrers filed to the original bill of complaint. The first demurrer interposed by Bertha Stoudenmire, Mack N. Stewart and Mack N. Stewart, as administrator of the estate of Annie Mims Stoudenmire, containing six grounds, was addressed "* * * to each and every count of the complaint, both severally and separately. * * *" The second demurrer interposed by Belby Mims twenty-eight grounds and was addressed "* * * to the bill of complaint * * * as a whole and to each and every paragraph thereof, separately and severally, and as grounds for demurrer sets down and assigns the following, separately and severally. * *"

Conceding without deciding that the instant bill is one with more than one aspect, this court has repeatedly ruled that demurrers so addressed are demurrers to the bill as a whole. Smith v. Smith, Ala., 94 So.2d 863 [1]; Thompson v. Hanna, 262 Ala. 467, 80 So.2d 267; First National Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348. As the demurrers here are to the bill as a whole, the lower court's ruling sustaining the separate demurrers interposed must be reversed if any aspect of the bill of complaint is good. Tyler v. Copham, 245 Ala. 151, 16 So.2d 316. To test the sufficiency of an aspect of a bill separately, the demurrer should be addressed to that aspect sufficiently described, and point out specifically the defects in the allegations. First National Bank of Birmingham v. Bonner, supra.

So long as a bill to quiet title complies with the provisions of Tit. 7, Secs. 1109 and 1110, Code of 1940, it will not be subject to demurrer, even though it goes further and attempts to set forth the complainant's title or source of title. Adler v. Sullivan, 115 Ala. 582, 22 So. 87. As the case of Wylie v. Lewis, 263 Ala. 522, 83 So.2d 346, 347, succinctly states, "It is well settled in Alabama that in a statutory bill to quiet title it is not necessary that the source of the complainant's title or claim be set out in the bill of complaint; nor is a statutory bill to quiet title which contains all the statutory requirements rendered

1. Ante, p. 118.

**564**

demurrable because it goes further and states the source of the complainant's title, since such allegation is surplusage."

■ The instant bill alleges: "That your complainant is the owner of and is in peaceable possession of the lands hereinabove described claiming to own the same as his own and the respondents claim or are reputed to claim some right, title or interest in or encumbrance upon said lands. Complainant avers that there is no suit pending to enforce or test the validity of such title, claim or encumbrance." The property referred to was sufficiently described.

Paragraph 3 of the prayer of the bill prayed:

"That a decree be rendered in this cause that your complainant was the owner of and was in peaceable possession of the lands described in Paragraph Two of the bill of complaint in this cause and that the respondents in this cause have no title to or interest in the said lands and that each of them be required to set forth and specify what right, title, interest or claim each of them have in and to said lands or by what right or instrument each of them claim an encumbrance upon said lands and to set forth and specify their source of title and interest in said lands."

It was said in Watson v. Baker, 228 Ala. 652, 154 So. 788, 789, that:

"The effect of the statute, section 9905, Code, and the decisions thereunder, were indicated by Mr. Justice Bouldin in Hicks v. Stone, 210 Ala. 685, 99 So. 115, 116. It was there declared that 'The settled construction of the statute now is that the bill of complaint should set forth, in the language' of the statute, 'or words of like import, all the conditions therein stated upon which the right to relief depends,' and should 'be followed either in the body or prayer by the call upon the respondent to specify his title,' claim, interest,

or incumbrance, and how and by what instrument the same is derived and created. Hicks v. Stone, supra; Parker v. Boutwell & Son, 119 Ala. 297, 24 So. 860; Moore v. Alabama National Bank, 139 Ala. 273, 35 So. 648; McCaleb v. Worcester, 224 Ala. 360, 140 So. 595; Davidson v. Brown, 215 Ala. 205, 110 So. 384; Davis v. Daniels, 204 Ala. 374, 85 So. 797; Sibley v. Kennedy, 224 Ala. 354, 140 So. 552; Reeder v. Cox, 218 Ala. 182, 118 So. 338. * *"

The instant bill complaint was sufficient, authorities, supra, and the trial court was in error in sustaining the demurrers to it.

Reversed and remanded.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.