116 So.2d 379

**Mary Lou DEAN et al.**

v.

**G. W. CLARK.**

**4 Div. 7.**

Supreme Court of Alabama.

Dec. 10, 1959.

Alice L. Anderson, Enterprise, for appellants.

Fleming & Stephens, Elba, for appellee.

SIMPSON, Justice.

The bill seeks along with other relief to foreclose an equitable mortgage alleged to be owned by the appellee on certain real estate in Coffee County. Respondents de-murred to the bill. The demurrer was overruled and this appeal proceeded from that adverse ruling.

The demurrer was to the bill as a whole, and it is the uniform holding of this court that under such circumstances if the bill contains equity, such a demurrer was properly overruled. Nelson Realty Co. v. Darling Shop, 267 Ala. 301, 101 So.2d 78; Stoudenmire v. Mims, 266 Ala. 562, 98 So. 2d 42; Wells v. Wells, 249 Ala. 649, 32 So.2d 697; Allgood v. Baines, 247 Ala. 669, 26 So.2d 98. Manifestly, the bill had equity in the respect noted, since equity will entertain a bill to foreclose an equitable mortgage.

Also, even though the mortgage exhibited with the bill fails to show a proper transfer from the original mortgagee to the complainant, the bill showed that for valuable consideration "said note and mortgage was [sic] duly transferred to the complainant". This allegation suffices to invest the complainant with the right as transferee to the equitable relief prayed for. For aught appearing, the mortgage and note were duly transferred so as to authorize foreclosure in equity. On demurrer to the bill as a whole, if the bill in any aspect states an equitable right to relief, even though the right be defectively pleaded, the defective pleading will be considered as amended. Wells v. Wells, 250 Ala. 106, 33 So.2d 466.

It is deemed appropriate to observe that in order to foreclose a mortgage of realty in equity, the holder of the legal title is an indispensable party and unless the assignment of the mortgage was in writing duly executed, as are other conveyances of land, legal title did not pass and the original mortgagee would be a necessary party to the proceeding. Federal Land Bank of New Orleans v. Branscomb, 213 Ala. 567, 105 So. 585; Langley v. Andrews, 132 Ala. 147, 31 So. 469. See also Simpson v. James R. Crowe Post No. 27, American Legion, 230 Ala. 487, 161 So. 705.

`From what we have said, it seems clear the bill contained equity, requiring an affirmance of the decree below. We hence forego discussion of other grounds contained in the demurrer.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.