161 So.2d 588

**Helen WINSTON**

v.

**Harold WINSTON.**

**6 Div. 936.**

Supreme Court of Alabama.

March 5, 1964.

Fite & Thomas, Hamilton, for appellee.

Tweedy & Beech, Jasper, for appellant.

PER CURIAM.

This appeal is from a decree dismissing a bill of complaint in equity to set aside a divorce decree after the demurrer to the amended bill had been sustained.

Appellant alleged in her bill in the nature of a bill of review that she had filed a bill for divorce in Winston County, alleging that she was a resident of Alabama; that her husband was a nonresident and charging him with cruelty; that her husband filed an answer and waiver and that the divorce was granted on August 16, 1960.

Appellant also alleged that neither she nor her husband had ever been residents of Alabama, but were residents of New York; that the court in Alabama did not

have jurisdiction; that she never received any benefits, money or property which her husband, a lawyer, had agreed to give to her; and that she was the victim of "coercion, fraud and duress" in the filing and procurement of the divorce.

Several grounds of demurrer were assigned, but on appeal, appellee argues only those grounds which assert, (1) petitioner is guilty of laches, and (2) petitioner has no standing in equity because the bill shows on its face that she knowingly perpetrated a fraud on the court by claiming to be a resident of Alabama and, therefore, she does not come into equity with clean hands. The remaining grounds of demurrer are not well taken and require no further discussion.

■ The question of laches was decided adversely to appellee in case of Nation v. Nation, 206 Ala. 397, 90 So. 494, where the bill in the nature of a bill of review to annul a decree of divorce was filed eleven months after the discovery of the fraud. To the objection raised by demurrer that the complainant there was guilty of laches, the court said that "the mere fact of such a delay does not require explanation, and is not prima facie a bar to the relief sought." Here, the bill was filed nine and one-half months after the rendition of the divorce decree. The grounds of demurrer charging laches were not well taken.

■ The clean hands maxim has its limitations. We have said that although guilty of a wrong or transgression of the law in one particular, a party does not become an outlaw, or forfeit his right to legal protection in all others, nor lay himself open to frauds and machinations of others to be practiced and perpetrated against him with impunity. Equity will consider the conduct of the adversary, the requirements of *public policy* and the relation of the misconduct to the subject matter and to the defendant. Weaver v. Pool, 249 Ala. 644, 32 So.2d 765; Harris v. Harris, 208 Ala. 20, 93 So. 841; 30 C.J.S. Equity § 98, p. 487. In the Harris case, this court apparently felt that the integrity of the court's decree was more important than the application of the maxim.

We said in Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725:

"Suits for divorce are not ordinary contract cases. Such suits are of a tri-partite character, wherein the public occupies in effect the position of a third party, and the court is bound to act for the public in such cases, though the rights of the parties themselves must be fully respected. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Ratcliff v. Ratcliff, 209 Ala. 377, 96 So. 422. This doctrine is generally recognized in this country. 27A C.J.S. Divorce § 8, p. 30; 17 Am.Jur., Divorce and Separation, § 13, p. 264."

■ When the parties to a divorce action are nonresidents of Alabama at the time the complaint is filed, they cannot by consent confer jurisdiction on the trial court. Jennings v. Jennings, 251 Ala. 73, 36 So.2d 236, 3 A.L.R.2d 662; Gee v. Gee, 252 Ala. 103, 39 So.2d 406.

■ And where both parties are nonresidents of this state at the time the suit is commenced, it is conclusive that a divorce decree granted to them is void for want of jurisdiction of the subject matter. Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725.

Appellee argues that the cases of Levine v. Levine, 262 Ala. 491, 80 So.2d 235, and Fairclough v. St. Amand, 217 Ala. 19, 114 So. 472, bar appellant from relief because they "stand for the proposition that one who procures a divorce by fraudulent conduct is estopped to question its validity."

We think both cases are easily distinguishable from the instant case. In those cases, the parties seeking to have the decrees of divorce vacated had received benefits, financial and otherwise from the other party, and these accepted benefits were the bases of the conclusions reached in those two cases. We quote two statements from the Levine case to illustrate: "The wife

having enjoyed the fruits of the original decree (over $20,000), now seeks to declare it void. This she is estopped to do," and "Rachel Levine having plucked the goose in 1949, seeks to get her fingers into a new crop of feathers in 1953."

In view of the public policy and the integrity of the court decrees involved, the situation of the parties, and the allegations of the bill, now taken as true and discussed more fully in following paragraphs, we hold that the clean hands maxim is no defense at this stage of the proceedings.

The bill also stated:

"Complainant further alleges it was at the insistance (sic) of the respondent that said divorce was granted; that he (her husband) arranged for the attorney in Alabama and in Montgomery, Alabama, to handle the divorce and, also, that the respondent by co-ercion, fraud and duress caused the complainant to accompany him to Montgomery, Alabama, and by such means also caused the complainant to obtain this divorce in this cause. That the complainant was co-erced to appear and participate in this action solely by reason of duress practiced upon her by her husband, the respondent in this case; that commencing with about June, 1959, the respondent engaged in a course of conduct designed to destroy the will of the complainant and to destroy the marriage between the parties, and the respondent informed the complainant that he would stop at nothing to accomplish his purpose because he was in love with another woman and was desirous of marrying her; that the respondent threatened to defame complainant among her relatives and friends and threatened her personal safety unless she did sign documents to enable the respondent to procure a divorce from the complainant; that the complainant feared the threats made by the respondent and feared for her welfare and safety and complainant ac-companied the respondent to his office on July 22nd, 1960 and on that date she signed various documents which he presented to her without being allowed to consult an attorney; that even after said divorce decree was rendered the parties returned to the State of New York and lived together as husband and wife until, to-wit October 1st, 1960 at which time the respondent vacated the premises, and they continued to live as husband and wife. Complainant further alleges that she did not of her own free will participate in the procurement of such decree of divorce."

It is axiomatic that allegations in a bill in equity must be taken as true on demurrer, 8A Ala.Dig. Equity ⊜239; and the demurrer here must be considered as one to the bill as a whole.

The quoted portion of the bill alleges that complainant was subjected to "coercion, fraud and duress" by her husband because those actual terms are used in the bill. Conceding without deciding that the allegations may have been insufficient as conclusions or otherwise, there was no ground of demurrer raising such insufficiency. While coercion, fraud or duress may not be sufficiently alleged, there is an allegation charging such, and a general demurrer for want of equity should not be sustained, for to reach that defect the demurrer must specifically point it out. Summers v. Summers, 218 Ala. 420, 118 So. 912 [15]; Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30. In Titus v. Nieheiser, 269 Ala. 493, 114 So.2d 242, we said:

"We note that the bill is not as full or complete as it might be, but no argued ground of demurrer raises the point, and it is not argued that the bill does not contain equity. Even where there is a general demurrer, it tests only defects in substance and all proper amendments are considered to have been made. Terry v. Town of Hanceville, 268 Ala. 664, 109 So.2d 842;

Massey v. Massey, 246 Ala. 396, 20 So.2d 790; Equity Rule 14."

Although ground 21 of the demurrer reads: "For that the allegations of said Bill are mere conclusions of the pleader," this does not present the question of conclusions of the pleader because it is, in effect, but a general demurrer.

A general demurrer is properly overruled at law, Tit. 7, § 236, Code 1940; a general demurrer in equity only tests the equity of the bill, Equity Rule 14, and is properly overruled where the bill, as here, contains equity, Dean v. Clark, 270 Ala. 55, 116 So.2d 379; and if a bill contains equity, it is error to sustain a general demurrer to the bill as a whole, Morgan Plan Co. v. Vellianitis, 270 Ala. 102, 116 So.2d 600. Both Tit. 7, § 236, and Equity Rule 14 have been jointly considered and cited in equity cases in applying the rule that rulings and decrees on demurrer are confined to the special grounds assigned. Louisville & Nashville Railroad Co. v. Cowley, 164 Ala. 331, 50 So. 1015; McNeal v. Patterson, 236 Ala. 50, 180 So. 773.

In both law and equity cases, we have held that grounds of the demurrer that the complaint or the bill "is vague, indefinite and uncertain; that it fails to state any cause of action against the defendant; and that the averments were mere conclusions of the pleader" are only general demurrers, do not specifically point out those alleged defects, and are properly overruled. United States Health & Accident Ins. Co. v. Goin, 197 Ala. 584, 73 So. 117; Hutto v. Copeland, 265 Ala. 482, 92 So.2d 30.

Some examples of the proper way to specifically point out conclusions of the pleader on demurrer are contained in Shaffield v. Shaffield, 250 Ala. 381, 34 So.2d 591 (ground 4); Copeland v. Copeland, 242 Ala. 507, 7 So.2d 87 (grounds 10, 14, 16, 28); City of Albertville v. Universal Electric Construction Co., 241 Ala. 412, 3

So.2d 301 (grounds 11, 12, 15, 17); Rochell v. Oates, 241 Ala. 372, 2 So.2d 749 [13]; Bank For Savings & Trusts v. Jefferson Development Co., 234 Ala. 199, 174 So. 757 (ground 19).

Duress is a species of fraud, Noel v. Noel, 225 Ala. 302, 143 So. 469. The Noel case and Stewart v. Stewart, 205 Ala. 340, 87 So. 799, are cases where the bills charged duress and the demurrers were sustained because the duress was alleged as conclusions. Although the reports do not quote the grounds of the demurrers in these respects, the original records in both cases show that the defects were specifically raised as in the examples cited supra.

It follows that the demurrer should have been overruled. The decrees dismissing the cause and sustaining the demurrer to the amended bill are reversed and the cause is remanded for further proceedings, and respondent is given thirty days from the receipt of this opinion by the register to answer or take such action as he may be advised.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.

SIMPSON, GOODWYN and COLEMAN, JJ., dissent.

COLEMAN, Justice (dissenting).

I am of opinion that a party should not be permitted to engage in the perpetration of a fraud on the court to obtain a decree and afterwards come into that court and ask to be relieved of the consequences of such decree on the ground that the alleged fraud had been practiced on the court.

The averments as to coercion are self-contradicting and are insufficient as I understand them.