■ In the Matter of the Estate of KEISER JOSEPH, Deceased. MILDRED L. JOSEPH, Appellant; GEORGE N. GEORGE, Respondent.— In a proceeding for issuance of letters of administration, petitioner appeals from a decree of the Surrogate's Court, Queens County, dated June 16, 1969, which denied the petition after a nonjury trial. Decree affirmed, with $25 costs and disbursements to respondent against appellant personally. No opinion. Brennan, Acting P. J., Martuscello and Kleinfeld, JJ., concur; Munder, J., dissents and votes to reverse the decree and grant the application, with the following memorandum: On May 27, 1948, appellant and the decedent were married. Thereafter the

decedent moved into the apartment appellant had for years occupied on Tenth Avenue in Manhattan. They continued to live together there until the late summer of 1959 when the decedent moved out. About that time there was some discussion about divorce and appellant signed "some kind of paper". On September 2, 1959, the decedent obtained an Alabama divorce. The "paper" signed by appellant appears to have been an answer and waiver in the divorce action. It was filed with the Alabama court and stated that she "submits to the jurisdiction of * * * · [the Alabama] Court * * * and * * * consents that this cause may proceed to final decree without further or other notice" to her. She first learned of the divorce decree in May of 1968, after his death. On the hearing before the Surrogate it was developed that after the Alabama divorce the decedent continued to pay the rent of the Tenth Avenue apartment; visited there on weekends; substantially supported appellant; regularly, up to the year of his death, filed joint income tax returns for her and himself; continued her name as beneficiary on his union insurance policy; always introduced her socially as his wife; and never intimated to his fellow workers that he was divorced. Neither party remarried after the divorce. The decedent died intestate on April 13, 1968. Appellant applied for letters of administration. After the hearing on objections, the Surrogate denied the application holding that appellant, having appeared in the divorce action in Alabama and having there had the opportunity to litigate the issue of residence of the decedent, could not relitigate the issue of jurisdiction of the foreign court. I think this was error. To entitle such a decree to full faith and credit the foreign court must have jurisdiction of the subject matter as well as of the parties (27B C. J. S., Divorce, § 335). In this case it was clearly established that this was a "quickie" divorce; that the decedent was not a resident of Alabama; and that he was not domiciled therein. There was received in evidence the affidavit of an Alabama attorney in which he expressed the opinion that such a divorce is a nullity under Alabama law. The Alabama cases support this opinion. In *Jennings* v. *Jennings* (251 Ala. 73), the Supreme Court of Alabama affirmed the dismissal of a bill for divorce, *sua sponte* by the court, where it appeared that the parties were nonresidents of Alabama but sought to submit themselves to the jurisdiction of the Alabama court. It was there held that unless one of the parties has a residence or domicile in the State, the parties cannot, even by consent, confer jurisdiction on the courts of that State to grant a divorce. In *Hartigan* v. *Hartigan* (272 Ala. 67, 75), it was said of such a decree that "Not only is it conclusive that the 1954 divorce decree was void for want of jurisdiction of the subject matter in Alabama, but it is not entitled to full faith and credit in other jurisdictions." Thus, on the evidence before the Surrogate, we have a divorce decree which has no validity where it was issued, or elsewhere, and which the courts of Alabama would vacate *sua sponte* for the fraud practiced on them. Only by equitable estoppel against one who participated in the fraud and profited by it would Alabama deny such relief (*Levine* v. *Levine*, 262 Ala. 491). Where no benefits, financial or otherwise, have been received, the relief of vacation of such a decree may be available even to the wife who had filed the bill for divorce, originally alleging her residence in Alabama (*Winston* v. *Winston*, 276 Ala. 303). In our case appellant received no benefits. It was suggested from a 1959 letter which indicated a desire by her to have the furniture in the apartment remain there and that she "demanded" the apartment furniture, but the proof was that the furniture had been owned by her before the marriage. Her only fault was in signing the consent and answer and this by all the Alabama cases is found to be ineffective to confer jurisdiction on the Alabama court. After the divorce, the decedent resumed a convenient relationship with appellant. Despite his mainte-

nance of a separate apartment there was nothing in his conduct to suggest a termination of the marriage. Appellant learned of the divorce only after the decedent's death. Neither party remarried and there was no intimation of a change of status. There can be no doubt that appellant, prior to the decedent's death, could have sought a judgment either in Alabama or in New York declaring that the Alabama divorce was a nullity and that the marriage subsisted. The nine-year lapse of time in the circumstances of this case effected no bar on the ground of laches. Paraphrasing the language of Judge BERGAN in *Krieger* v. *Krieger* (25 N Y 2d 364, 369), not only did the wife not know of the Alabama divorce, but the husband took no position and asserted no right based on the divorce hostile to the continuance of the marriage and directed to the wife (see, also, *Sorrentino* v. *Mierzwa*, 25 N Y 2d 59, 64–65). I do not believe that the decedent's death effected such a change of appellant's status that she may not now assert her right to letters of administration and to her share in the decedent's estate. With a decree of divorce that had and has no validity in Alabama and which even Alabama says requires no credit from New York, with no showing of equitable considerations of laches or estoppel, there appears to me to be no reason for denying to this wife, in name and in fact, her proper standing and rights and for favoring some collateral relative as to whom the decedent appears to have had no interest whatever. (Beldock, P. J., deceased.)