Breitel, J.
The issue is whether an Alabama divorce decree between decedent and his widow, allegedly subject to attack in Alabama as having been obtained without the actual residence of either spouse, must have been ignored by the Surrogate. It is concluded that the Surrogate was entitled to extend recognition to the Alabama divorce decree and that, therefore, the order of the Appellate Division affirming his decree should itself be affirmed.
Decedent and his wife were married in 1948. They were and remained residents of this State. In 1959 decedent obtained an Alabama divorce, allegedly without bona fide residence, but based on an appearance and power of attorney executed by the wife. She testified that she was not aware of the import of the documents she signed and did not learn of the divorce until after decedent’s death. In the meantime decedent supported her in part and they executed joint tax returns as husband and wife.
The wife also testified, however,' after first denying it, that at about the time of the divorce the two had talked of a divorce and that she had told her husband that she would not stand in his way, that she was not that kind of person. She gave ' some testimony about seeing her husband weekly and arranging for meetings by leaving messages for him. She died after the trial during the pendency of these proceedings.
On these facts, the Surrogate concluded that the Alabama divorce decree was entitled to full faith and credit under the Federal Constitution (art. IV, § 1). He, therefore, denied the widow’s application for letters of administration, decedent, a steamfitter by trade, having died intestate. The Appellate Division affirmed. Mr. Justice Munder dissented on the ground that the Alabama decree was void, impeachable in Alabama, and, therefore, not entitled to full faith and credit.
The Surrogate relied on Boxer v. Boxer (12 Misc 2d 205, affd. 7 A D 2d 1001, affd. 7 N Y 2d 781), decided in 1958. That case had held that an Alabama divorce obtained collusively and based on a bilateral appearance was entitled to full faith and credit, despite the absence of subject-matter jurisdiction based *302 on residence. Since then, the Supreme Court of Alabama decided Hartigan v. Hartigan (272 Ala. 67) and Winston v. Winston (276 Ala. 303), in 1961 and 1964, respectively. They stand flatly for the proposition that a collusive “ quickie ” Alabama decree may be vacated on the court’s own motion and, in some circumstances, at the behest of one of the participating spouses. The Hartigan case also makes quite clear that the principle upon which it relies is of long standing, that void decrees have always been vacatable by the court in which they were rendered, if void on their face. It reasoned that if the voidness were established conclusively by the record at nisi prius, this was tantamount to the same thing. It observed that the only novelty in the case was that neither of the Hartigans wished to upset the decree. Consequently, it would appear that the Hartigan rule is one that the Alabama court is likely to apply retroactively.
This, however, is not the end of the matter. The Winston case (supra) also makes evident that void decrees would not be set aside automatically. In holding that there was no laches in a delay of nine and a half months, the implication is clear that a longer delay might be. Most important, in referring to its earlier holding in Levine v. Levine (262 Ala. 491) and like cases holding participants in collusive divorces estopped to seek vacatur, it did not overrule them. Instead, it distinguished them on the ground that in those cases benefits had been obtained from the divorce by the party seeking thereafter to vacate it. It, therefore, refused “ at this stage of the proceedings ” to apply the-“clean hands maxim” (276 Ala. 303, 305-306).
A similar view of the Alabama cases last discussed was taken by Mr. Justice Heller in two cases at nisi prius. He also observed that the rule in the Boxer case (supra) applying full faith and credit to an Alabama ‘‘quickie’’ divorce, could not stand once the Hartigan and Winston cases (supra) had been decided in Alabama (Iatauro v. Iatauro, 55 Misc 2d 360; Merino v. Merino, 55 Misc 2d 1098).
In the instant case, there has been no proof that the widow received any benefits from the divorce. On the contrary, her testimony, largely uncontradicted, suggested that things between the spouses went on pretty much the same, except that they *303 did not stay under the same roof continuously. Consequently, on the sparse record there are no grounds for estoppel under the Alabama rules, participation alone in the divorce evidently not being enough.
But there is a nine-year lapse between the divorce and any possible attack upon it. It is quite likely from a reading of the Winston case (supra) that this long delay would be held in Alabama to be laches. Moreover, the stress in the Hartigan case (supra), was that the nisi prius court had power to vacate the void decree, not that it was so obliged. This is significant because, until there is a record establishing the voidness of the decree, it is unimpeachable in Alabama under the ratio decidendi of the Hartigan case (272 Ala. 67, 71-73, supra).
On this analysis, the Alabama decree in 1959 was required to be recognized by the Surrogate. Neither on the record before the Surrogate nor on any evidence now available which could be presented to an Alabama court is there basis for concluding that the decree would be impeachable at this late date under Alabama law. At least it is not conclusive that this would be so, and the Hartigan case (supra) unequivocally speaks of a record conclusively showing a lack of jurisdiction and even then does not require automatic vacatur at the request of a party to the divorce.
In any event, the Alabama decree could be recognized as a matter of comity. Even if the Surrogate were not required to give full faith and credit to the Alabama decree, it does not follow that the New York court may not accord it recognition, if the grounds for estoppel recognized under New York law are present. .In short, it is difficult to see any bar to a New York court refusing to permit a participant in a fraud on a court of a sister State from changing his position and establishing the fraud here. That would be an estoppel based on reasons and policies for which the forum is responsible, and would not be based on considerations affecting the Alabama courts. Full faith and credit may compel New York to recognize a judgment of a sister State. The absence of full faith and credit does not mandate ignoring the judgment of a sister State (see Milwaukee County v. White Co., 296 U. S. 268, 272-273; Worthley v. Worthley, 44 Cal. 2d 465, 468-468. [Traynor, J.]; 16 N. Y. Jur., Domestic Relations, § 978 and cases cited; Ehrenzweig, Conflict *304 of Laws, §§ 47 [esp. n. 16], 74; Restatement, Judgments, § 10, Comments a, b, and c; cf. as to extranational judgments of divorce, which, of course, are not entitled to full faith and credit, Gould v. Gould, 235 N. Y. 14, 27-29; Oettgen v. Oettgen, 196 Misc 937, 939-941, and cases discussed; see, also, 16 N. Y. Jur., Domestic Relations, §§ 982-983). Of course, an entirely different question is presented in a case involving absence of personal jurisdiction over a party to an interstate judgment, or any denial of due process (Griffin v. Griffin, 327 U. S. 220, 228-229).
Consequently, for these reasons it is concluded that the Surrogate was obliged to recognize, as he did, the Alabama divorce decree and deny letters of administration to the then surviving wife.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
Order affirmed.