In the Matter of the Claim of CAROLYN WHEELER, Respondent, v STEWART MAPPING SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 8, 1976

*Caputo & Capobianco (Philip J. Caputo* of counsel), for appellants.

*Sher & Herman* for Carolyn Wheeler, respondent.

*Louis J. Lefkowitz, Attorney-General (Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

REYNOLDS, J. On this appeal the appellants assert that the board committed error in finding the claimant, Carolyn Wheeler, the lawful widow of Gary Wheeler, the deceased employee. The record establishes that the claimant and the deceased employee were married in Tennessee in 1964 and continued to live together as husband and wife in Tennessee until the early part of 1972. The claimant and the deceased had two children who have been awarded compensation benefits. In the early part of 1972, the claimant and the deceased separated, and on April 6, 1972, the claimant executed a separation agreement which contained a property settlement, gave custody of the two children to claimant and provided support payments for the children only. The claimant brought an action for an absolute divorce in the Chancery Court of Williamson County, Tennessee, against the decedent, and, by decree entered June 9, 1972, that court granted a final and absolute decree of divorce in favor of claimant against decedent on the ground of cruel and inhuman treatment. The decree of divorce approved the separation agreement and made it a part of the final decree. The decree provided in part that "the bonds of matrimony heretofore subsisting between the parties be and the same are hereby dissolved and the complainant, Carolyn Sullivan Wheeler, is awarded an absolute divorce from the defendant, Gary Dean Wheeler, and she is restored to all the rights and privileges of an unmarried person." On July 1, 1972 the employee, Wheeler, was killed in an automobile accident which has been found to be an employment-connected accident. On or about October 25, 1973, 16 months after the final decree of divorce and after the death of her husband, claimant initiated a proceeding ex parte in the Chancery Court of Williamson County, Tennessee, to set aside the decree of divorce on the ground her husband's death was a "tremendous blow to her and to the children." On November 2, 1973, a decree was granted by the Chancery Court of Williamson County, Tennessee, which purported to set aside the divorce decree and to declare it of no further force and effect. Thereafter and on or about February 13, 1974, claimant

filed a notice of claim for compensation as the widow of the deceased. No party to the appeal questions the validity of the decree of divorce at the time it was granted and entered. The record demonstrates the Chancery Court of Tennessee had jurisdiction to grant the original divorce decree. Tennessee was the marital domicile of claimant and her husband. The claimant continued to live in Tennessee after the separation and continued to reside in Tennessee at the time she filed her claim.

Claimant's petition to set aside the divorce decree does not allege that the divorce decree was void at the time of entry for lack of jurisdiction or any other reason. Her petition indicates that for personal reasons prompted by events that transpired after the divorce decree, she desired to resume her status as wife and widow of the deceased. It is obvious that the proceeding was for the sole purpose of collecting compensation in New York. The record clearly discloses that the application to set aside the divorce decree was ex parte, that is, without notice to any person or party. The only party named in the proceeding to set aside the divorce decree was her deceased husband. There was no substitution of parties to succeed her deceased husband. At the time of the entry of the order, dated November 2, 1973, in which Judge HENDERSON declared the final divorce decree of Judge Fox null and void, the deceased had been dead since July 1, 1972, some 16 months before. It is obvious that personal jurisdiction of the decedent could not have been obtained. Nor did the Tennessee court have in rem jurisdiction since in the case of *Graham v Graham* (209 Tenn 272, 278), a Tennessee court defined the *res* as the "marriage status." It stated "in the case before us, however, the marriage status of the parties has been dissolved by the death of William E. Graham." As such, the Tennessee court did not have in rem jurisdiction (see *Andrews v Andrews,* 188 US 14). The Restatement provides that: "[a] A judgment rendered without judicial jurisdiction or without adequate notice or adequate opportunity to be heard will not be recognized or enforced in other states." (Restatement, Conflict of Laws 2d, § 104.) And section 105 provides "A judgment rendered by a court lacking competence to render it and for that reason subject to collateral attack in the state of rendition will not be recognized or enforced in other states." The board erred as a matter of law in giving full faith and credit to the decree entered November 2, 1973 purporting to vacate the original decree of divorce.

A judgment or decree of a court of a sister State can be collaterally attacked for lack of jurisdiction *(Williams v North Carolina,* 325 US 226, 229). The Williamson Chancery Court had no jurisdiction, or statutory authority to review or otherwise act in relation to its divorce decree of June 9, 1972, and, thus, the vacating of the said decree was void, a nullity.

The pertinent Tennessee Rules of Civil Procedure and statutes are as follows:

Rule 59.03 of the Tennessee Rules of Civil Procedure provides: "A motion to alter or amend a judgment shall be filed and served within 30 days after the entry of the judgment."

Section 36-830 of the Tennessee Code provides: "In divorce cases, an appeal shall be the only mode of reviewing errors. Pending appeal, and until reversed or modified by an appellate court, orders and decrees of the trial court regarding support and custody of children shall be in full force and effect."

Section 27-111 of the Tennessee Code provides that the time for having the record of a case tried in the Chancery and other trial courts recorded for purposes of appeal is 30 days from the entry of the order and establishes a maximum extension of 60 days.

Section 27-312 of the Tennessee Code provides that an appeal shall be prayed and an appeal bond executed within 30 days from the judgement or decree of the trial court with a maximum extension of 30 days. Rule 60.02 of the Tennessee Rules of Civil Procedure referred to in the Attorney-General's brief (not mentioned by the board) has no application whatever to the facts of this case. It is obvious that the Supreme Court and appeals court have exclusive jurisdiction in Tennessee over the review of judgments or decrees in divorce cases. No appeal was perfected. It is also apparent that the Tennessee case law holds that the Chancery Court had no right to set aside the divorce after 30 days had elapsed. In *Ellis v Ellis* (212 Tenn 116, 117) petitioner filed a motion to amend a decree of divorce four and one-half months after it had been entered. An issue posed by the Supreme Court was whether or not the court below had "the *right* to modify the original decree". (Emphasis added.) Holding that the motion should have been dismissed, the court quoted (pp 120–121) from Gibson's Suits in Chancery (§ 614 [5th ed]): "But after the lapse of the thirty days after its entry, or after the close of the

term, the Chancellor's *power* to make any revision of a decree settling rights is forever ended, except on a bill of review, or on a bill to impeach the decree for fraud, no matter how manifest and gross the error, nor how certain he may be of its existence. The decrees of Fate are not more beyond his power of change." (Emphasis added.) In *Shipley v Barnett* (161 Tenn 437, 439) the Supreme Court stated trial courts had been deprived of "the *control* they had hitherto possessed and exercised over final judgments during the term at which said judgments were rendered, after the expiration of thirty days from their rendition. * * * [S]uch power over a final judgment continues in a trial court until the end of the term, unless the term should extend longer than thirty days from the date of the judgment." (Emphasis added.)

Neither the Tennessee statutes nor the decisional law granted the Chancery Court the right or the authority to revise or otherwise modify or alter the original divorce decree entered June 9, 1972. No one claims that this original divorce decree was not entitled to full faith and credit.

The board's decision simply concluded that the claimant was the "lawful widow of the decedent" without any reason assigned or comment on the proof. The board could not have properly determined that the claimant was decedent's widow without giving full faith and credit to the purported decree vacating the original decree of divorce, which they could not legally do.

The decision should be reversed, with costs to appellants against the Workmen's Compensation Board, and the claim dismissed.

HERLIHY, P. J. (dissenting). The appellants in the application for review to the board stated the issue regarding the claimant's status as widow as follows: "It is the carrier's contention that predicated upon the Rules of Civil Procedure in the State of Tennessee that such a purported decree setting aside divorce is invalid and illegal and the Divorce Decree must stand as originally set forth since no one ·undertook to set it aside within thirty (30) days after the granting thereof."

Upon this appeal the appellants contend that the decree of the Tennessee Chancery Court must be disregarded as a matter of law because (1) the Tennessee court did not have jurisdiction of the parties or the subject matter, and (2) the

Tennessee decree is void upon its face because by the Tennessee Rules of Civil Procedure and statutes quoted at length in the majority opinion a decree of divorce once entered may only thereafter be changed by an appeal taken within 30 to 60 days.

The sole proper inquiry by the board in this proceeding and by this court upon appeal is whether or not the Tennessee Chancery Court had jurisdiction of the proceeding to set aside the former decree. (See *Williams v North Carolina,* 325 US 226.)

In this case, there can be no doubt that although the husband was deceased prior to the motion for relief from the divorce decree, the Chancery Court retained in rem jurisdiction as the record establishes that the claimant and decedent were married in Tennessee, were domiciled in Tennessee, were divorced in Tennessee and there were no other persons whom the court should have joined as parties. (Cf. *Matter of Farber v U. S. Trucking Corp.,* 26 NY2d 44; *Lynch v Lynch,* 16 AD2d 157, affd 13 NY2d 615.) The record does not establish that the claimant's subsequent Chancery proceeding was void for any want of jurisdiction arising from the fact that it was an ex parte proceeding initiated after the marriage had been dissolved by death of the former husband.

While it may very well be that the Chancery Court in Tennessee erred as a matter of law in granting the relief requested in the second proceeding *(Ellis v Ellis,* 212 Tenn 116, 117; *Shipley v Barnett,* 161 Tenn 437), the board upon this proceeding makes reference to rule 60.02 of the Tennessee Rules of Civil Procedure which clearly grants a continuing power to the trial courts to *consider* application for relief from a prior final judgment or order.

The majority do not cite any cases which would permit this court or the board to go beyond the initial jurisdictional issues and decide issues which thereafter were solely reserved to the appellate courts of Tennessee, if any appeal should be so initiated. The decree herein at issue is entitled to full faith and credit *(Matter of Joseph,* 27 NY2d 299).

The decision of the Workmen's Compensation Board should be affirmed.

Sweeney, Kane and Larkin, JJ., concur with Reynolds, J. Herlihy, P. J., dissents and votes to affirm in an opinion.

Decision reversed, with costs to appellants against the Workmen's Compensation Board, and claim dismissed.